required by section 217 of the Prison Law. Further, that when brought before the prison board his maximum sentence under the original charge had expired and, therefore, all authority over him as a paroled prisoner had ended.

*Merton E. Lewis, Attorney-General (Edward G. Griffin* of counsel), for appellant.

*William S. Elder* for respondent.

Order affirmed; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and McLAUGHLIN, JJ.

---

In the Matter of the Application of SUSIE MERRILL et al., as Administrators of ORSON A. VAN ALSTINE, Deceased, Respondents, *v.* ROBERT S. PARSONS, Appellant.

*Matter of Merrill* v. *Parsons*, 166 App. Div. 972, affirmed.

(Argued April 22, 1918; decided May 7, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered April 2, 1915, which reversed an order of Special Term denying an application for an order directing the appellant herein as an attorney at law to pay to the petitioners $600 which he had received as counsel for said petitioners in an action which they brought as administrators to recover for the negligent killing of their intestate. The administrators were appointed by appellant, who was surrogate of the county of Broome, and it was during his term of office that he acted as such counsel, and received the $600 for his services. The trial court held that he had no right to act as counsel in that action; that by section 2495 of the Code of Civil Procedure he was prohibited from acting as attorney or counsel for the administrators and that he violated that law when he became counsel for the plaintiffs in that action, and had no valid claim or right to the $600, but denied the application on the ground that the money was paid

by the attorney of record for the administrators out of money belonging to him personally. The testimony showed that the attorney of record upon receiving the amount of the recovery deposited the same in his private account, and then paid over to the administrators such amount less his agreed compensation. Out of the amount retained as his compensation he paid the counsel fee to the appellant. The Appellate Division reversed the Special Term and granted the application.

*Edmund B. Jenks* for appellant.

*William Nottingham* for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and McLAUGHLIN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. UNION RENTAL COMPANY, Respondent, *v.* THOMAS F. BYRNES et al., Appellants.

*People ex rel. Union Rental Co.* v. *Byrnes,* 179 App. Div. 961, affirmed.

(Argued April 22, 1918; decided May 7, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 3, 1917, which affirmed an order of Special Term sustaining a writ of certiorari and vacating an assessment upon a tunnel or subway maintained by the relator under South Salina street in the city of Syracuse connecting buildings on the opposite sides of the street. The assessment was made upon the theory that a permission granted by the city of Syracuse to the relator's predecessor to construct and maintain the substructure constitute a special franchise. The trial court held that the relator had no special franchise within the meaning of the Tax Law.

*Merton E. Lewis,* Attorney-General (*Frank Hopkins* of counsel), for appellants.

*Charles P. Ryan* for respondent.