In the Matter of the Estate of ALICE C. SMITH, Deceased.

Surrogate's Court, Saratoga County, March 23, 1939.

*Herman Goldman,* for the Empire Trust Company, general guardian, etc., petitioner.

*Geis, Forman & Schulze* [*Richard A. Geis* of counsel], for Mary Louise Thomas, respondent.

TUCK, S. Upon this application for a construction of the second and third paragraphs of the last will and testament of Alice C. Smith, deceased, and for a compulsory accounting, admitted jurisdictional facts are:

That Alice C. Smith died in 1924, leaving a will which was duly admitted to probate by the Surrogate's Court of Saratoga county on September 29, 1924, and leaving her surviving her daughter, Mary Louise Thomas, and Harmon Smith, her son, and Harmon Smith, Jr., his only surviving child; that Harmon Smith died in 1934; that Alice C. Smith died leaving certain real and personal property; that the debts and funeral expenses and expenses of administration of Alice C. Smith have been satisfied out of her personal property, leaving a surplus thereof which came to the possession of Mary Louise Thomas of $5,142.92; that the real estate of the deceased was appropriated by the State of New York and an award of $15,000 and interest thereon from the date of appropriation, amounting in all to $17,642.70, was made by reason thereof; that the check therefor is deposited in escrow; that the expenses in obtaining such award are $4,749.85; that the interests of Mary Louise Thomas and Harmon Smith, Jr., are such as are given in the will of Alice C. Smith, deceased, and that the provisions of the will, so far as concern this controversy, are:

" *Second.* I give to my daughter, Mary Louise Thomas, my whole estate, both real and personal, for the term of her natural life, with the right to use so much of the principal for her support and maintenance as in her sole discretion she may deem necessary, and to effectuate such use I authorize and empower her to sell any or all of the said property, and execute conveyances thereof.

" *Third.* The remainder of said property, if any, upon the death of my said daughter, I give to my son, Harmon Smith, and if he be not then living, I give the same to his son Harmon Smith, Jr."

The petition alleges upon information and belief matters in connection with the financial responsibility of respondent, which are contradicted by the answer.

The answer sets up further defenses in paragraphs 10, 11 and 12, which need not be cited here.

After the citation and proof of service were returned the matter was submitted without further proofs upon a stipulation providing for the filing of briefs and that the decree to be entered contain a direction in respect to the disposition to be made of the net proceeds of the condemnation of the real property referred to.

A part of the prayer of the petitioner is that the life tenant be required to give security. The general rule is that security is not necessary where a life tenant is in possession of the property

by reason of the terms of the will. Security, however, may be required upon proof of insolvency, improvidence, threatened dissipation of the corpus or like cause. No such cause requiring security is established here, and the court denies the prayer of the petitioner in that respect.

We come now to the main question presented — the construction of the terms of the will and a determination of the extent of the life beneficiary's right to invade the principal of the estate.

The courts have frequently been called upon to construe wills containing directions for support and maintenance of beneficiaries and which further contain provisions in respect to an invasion of the principal.

In *Matter of Gatehouse* (149 Misc. 648) Surrogate WINGATE has listed and analyzed most of the recent authorities decided in the courts of this State, and in *Matter of Martin* (269 N. Y. 305) is a further examination and restatement of the principles to be applied in the construction of wills containing such provisions.

In *Matter of Martin* (*supra*) the court, in analyzing the result arrived at in *Holden* v. *Strong* (116 N. Y. 371), says: " The gift of principal is as broad as the gift of interest. It is clearly not a gift of income with a condition attached as to the invasion of principal." And the court, further considering *Rezzemini* v. *Brooks* (236 N. Y. 184), writes: " The gift was of the income of a trust with a further provision in the following language: ' If the income of my estate shall be insufficient for the proper support of my said son, then and in that event, I authorize my said trustee to expend so much of the principal thereof as may be necessary for that purpose.' "

The court comments upon the similarity of language used in the will in *Matter of Martin* and that in *Rezzemini* v. *Brooks* (*supra*), stating that the similarity makes the difference in extent of the bequest somewhat difficult to distinguish and then resorts to a careful reading of the provisions of the whole will for the purpose of determining the intent of the testator.

It is to be noted that in analyzing the *Rezzemini* v. *Brooks* case the court examined and noted the residuary provisions of the will therein involved. The residuary provisions of that will provide that upon the death of the beneficiary the principal of the trust " or so much thereof as may remain " should go to the remaindermen.

In *Matter of Martin* the court points out that the primary question in this class of cases always is, " Does the will constitute an absolute gift of support and maintenance which makes it a charge upon the income from the estate and upon the principal?" In such case the private income of the beneficiary cannot be considered. If,

however, the gift is of income coupled with a provision that the principal may be invaded in case of need, the private income of the beneficiary must be considered in determining whether such need exists.

The review of the language of the will of Alice Smith would seem to indicate that the gift of the principal was not separated from the gift of income or made conditional. The right of use of principal is not anywhere conditioned upon the insufficiency of income. That subject is not mentioned in the will.

The court is impressed that the intention of the testator was to make a gift of support and maintenance, and if the conclusion of the court is correct then it follows that the beneficiary is not required to exhaust her own means before consuming the principal.

It is to be noted, however, that the right of use or consumption of the principal by the beneficiary is not absolute, and the same limitations applied in *Matter of Briggs* (101 Misc. 191; modfd., 180 App. Div. 752; modfd., 223 N. Y. 677), viz., the right to consume must be exercised fairly, honestly and in good faith for the use and benefit of the beneficiary and in such manner as not in bad faith to divert the principal of the estate or portions thereof from the beneficiaries of the testatrix, and all within the limitations set forth in the will.

The petitioner has further prayed for an accounting by the life tenant. The legatee and devisee for life in possession of the fund or property becomes a trustee during the continuance of the life estate. (*Smith* v. *Van Ostrand*, 64 N. Y. 278.) It is elementary that a trustee is subject to account in a court having jurisdiction. Under the provisions of subdivision 6 of section 314 of the Surrogate's Court Act the Legislature has provided that "testamentary trustee includes every person * * * who is designated by a will, or by any competent authority, to execute a trust created by a will."

The Surrogate's Court has jurisdiction to direct control, conduct and settle the accounts of testamentary trustees and the court finds and determines that the prayer in the petition for an accounting should be granted, and the decree hereon should so provide.

The question of the right to require an accounting under such circumstances was passed on in *Matter of Briggs* (*supra*) by the surrogate, and his decree on this subject was in nowise modified by the Appellate Division or the Court of Appeals. The question of each invasion of the principal in that case was expressly held to be passed upon in an accounting proceeding.

Both parties have referred to the court the decision in *Matter of Briggs* (101 Misc. 191; modfd., 180 App. Div. 752; modfd., 223

N. Y. 667). An analysis of this case is contained *in extenso* in *Matter of Niles* (122 Misc. 17), and the observations of Surrogate BEEKMAN in that case and the statement in *Matter of Gatehouse* (149 Misc. 648), decided by Surrogate WINGATE, that the Court of Appeals did not pass upon the question whether the beneficiary was required to exhaust his own means before invading the principal of the estate, are entirely correct, although this court cannot agree that the matter was not litigated as Surrogate WINGATE has stated (149 Misc. 653). The *Briggs* case arose in Saratoga county. The complete records and files in respect to that case are available and have been examined by this court and disclose that the question was presented by the petitioner and was litigated and briefed in the briefs of the nine parties appearing, and apparently Surrogate OSTRANDER intended that that issue should be decided in his opinion, but a careful reading of the entire decree that was entered shows that an adjudication upon that subject was not embraced in the decree.

A further question is raised in respect to the rights of the parties in the fund representing the amount of award, with interest thereon.

The determination of the court in respect to that question is that the interest accumulating after the date of the appropriation by the State is the property of Mary Louise Thomas, and represents, or takes the place of, income, rents and profits of the real estate; that the sum of $15,000 represents the corpus of the fund which was formerly real estate. (*Matter of Camp*, 126 N. Y. 377.) Equitably the expenses of the proceeding in the Court of Claims should be borne proportionately by the principal and the interest.

Submit decree, accordingly, upon notice.