In the Matter of JOHN J. REED, as Executor of MATHILDA A. STIER, Deceased, Appellant, against ROLLIN BROWNE et al., Constituting the State Tax Commission, Respondents.

Argued January 8, 1946; decided March 7, 1946.

*Max Rockmore* and *Sidney Meyers* for appellant. I. Section 15 of the Personal Property Law, being in derogation of common law, must be strictly construed. As applicable and pertinent to the facts herein, the prohibition against transfer of beneficial interest applies solely to a beneficiary of the specifically indicated trust referred to therein. (*Matter of Fowler,* 263 App. Div. 255, 288 N. Y. 697; *Matter of Kaufman,* 131 N. Y. 620; *Matter of Ryan,* 291 N. Y. 376; *Matter of Fonda,* 206 App. Div. 61; *Matter of McGarry,* 155 Misc. 467; *Matter of Fischer,* 261 App. Div. 252.) II. The will of decedent's father did not

intend to or create or set up any " trust ". (*Matter of Raplee,* 160 Misc. 615; *Matter of Hawley,* 104 N. Y. 250; *Matter of Soley,* 150 Misc. 839.) III. Assuming that it was the intention of decedent's father to create a trust under paragraph " Fourth " of his will, no legal effect can be given to said intention. The beneficiaries received legal life estates in the residuary. (Real Property Law, § 92; *Woodward* v. *James,* 115 N. Y. 346; *Weeks* v. *Frankel,* 197 N. Y. 304; *Matter of Richardson,* 135 Misc. 726, 229 App. Div. 765; *Matter of Haradon,* 173 Misc. 993; *Greene* v. *Greene,* 125 N. Y. 506; *Matter of Farrell,* 133'App. Div. 97, 198 N. Y. 579; *Brown* v. *Spohr,* 180 N. Y. 201; *Rose* v. *Hatch,* 125 N. Y. 427; *Matter of Sweeney,* 155 Misc. 461.) IV. Assuming that on the death of decedent's father a trust did arise under paragraph " Fourth " of his will, the trust on the date of death of the beneficiary who died first, became a legal life estate in the surviving beneficiary. (*Matter of Morrisey,* 170 Misc. 1016; *Matter of Kimberly,* 150 N. Y. 90; *Matter of Kaupper,* 141 App. Div. 54, 201 N. Y. 534; *Matter of Helling,* 84 Misc. 684; *Matter of Harteau,* 204 N. Y. 292; *Matter of Daggett,* 130 Misc. 635.) V. The document executed by the surviving beneficiary and the only child of the deceased beneficiary was not a " transfer " of a beneficial interest, within the scope of section 15 of the Personal Property Law, or contrary thereto. (*Matter of Matthiessen,* 175 Misc. 466; *Matter of Hanna,* 155 Misc. 833.) VI. If it be held that said document was a " transfer ", the same was not violative of section 15 of the Personal Property Law.

*Nathaniel L. Goldstein, Attorney-General* (*John C. Crary, Jr., Orrin G. Judd, Wendell P. Brown* and *Irving I. Waxman* of counsel), for respondents. I. A valid trust, subject to section 15 of the Personal Property Law, came into effect on the death of decedent's father. (*Matter of Freiberger,* 177 Misc. 592; *Matter of Wentworth,* 230 N. Y. 176; *Rankine* v. *Metzger,* 69 App. Div. 264, 174 N. Y. 540; *Bull* v. *Odell,* 19 App. Div. 605; *Losey* v. *Stanley,* 147 N. Y. 560; *Rogers* v. *Rogers,* 111 N. Y. 228; *Haendle* v. *Stewart,* 84 App. Div. 274; *Robertson* v. *de Brulatour,* 188 N. Y. 301; *Greene* v. *Greene,* 125 N. Y. 506.) II. A valid trust having been created, it was not destroyed when the surviving beneficiary became the sole remaining trustee. (*Schoell-*

*kopf* v. *Marine Trust Co.,* 267 N. Y. 358; *Downing* v. *Marshall,* 23 N. Y. 366; *N. Y. Dry Dock Co.* v. *Stillman,* 30 N. Y. 174; *Wendt* v. *Walsh,* 164 N. Y. 154; *Metcalfe* v. *Union Trust Co.,* 181 N. Y. 39; *Cuthbert* v. *Chauvet,* 136 N. Y. 326; *Matter of Wentworth,* 230 N. Y. 176; *Losey* v. *Stanley,* 147 N. Y. 560; *Rogers* v. *Rogers,* 111 N. Y. 228; *Rankine* v. *Metzger,* 69 App. Div. 264, 174 N. Y. 540; *Bronson* v. *Bronson,* 48 How. Pr. 481; *Matter of Runk,* 200 N. Y. 447.) III. The surviving beneficiary's renunciation was an alienation of her rights, forbidden by section 15 of the Personal Property Law. (*Matter of Wentworth,* 230 N. Y. 176; *Dale* v. *Guaranty Trust Co.,* 168 App. Div. 601.)

DESMOND, J. Additional New York State income taxes were assessed against Mathilda A. Stier, appellant's testatrix, because, according to the State, Mrs. Stier omitted certain taxable income from her returns for 1937, 1938 and 1939. After a hearing, the State Tax Commission confirmed the assessments and the commission's determination was, on appeal, unanimously confirmed by the Appellate Division. We granted leave to appeal to this court.

This is an income tax case but the answer to its problem is found in the law of trusts. The income in question came from the estate of Mrs. Stier's father, who died in 1902. The investments of the estate are in both real and personal property. Read as of the date of his death, the father's will left his residuary estate to his only children, Mrs. Stier and her sister, as trustees to pay the income thereof to themselves " during the terms of their respective lives ". There was no specific provision to take care of a situation that was bound to arise — the death of one daughter before the other. There was in the will a further direction that after the death of the two daughters, the whole residuary estate was to go to another trustee who was to pay it over to the children of the daughters. Mrs. Stier never had children. Her sister, who died in 1935, had only one, Charles A. Fulton. In 1937 Mrs. Stier and her nephew Charles A. Fulton executed in France, and later filed in the New York County Surrogate's office, a document which recited the above facts and stated that Mrs. Stier was then seventy-seven years old, that she was independently wealthy and had no need of the income from her father's estate, and that she

wished to renounce that income in favor of her nephew. Mrs. Stier, in that document, then formally relinquished and renounced all right to the income, and her nephew released her, individually and as fiduciary. From the time of the execution of that paper, all the income of the estate was paid or credited to the nephew, and Mrs. Stier did not thereafter report it in her tax returns. The State says, and the Tax Commission and the Appellate Division have held, that the renunciation by Mrs. Stier was ineffective for any purpose because forbidden by section 15 of the Personal Property Law which says: " The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, can not be transferred by assignment or otherwise." The position of appellant — and with it we agree — is that, on the death of Mrs. Stier's sister, Mrs. Stier, though the purported trustee of a trust to pay income to herself alone, was no longer a " beneficiary " entitled " to enforce the performance of a trust " but was the owner of a legal, and thus assignable, life estate in the fund.

A century ago dry or passive trusts, being " justly considered wholly unnecessary ", were abrogated in this State through the addition to the Statute of Uses of " new and appropriate provisions which vested the title in the beneficiary " (*Downing* v. *Marshall,* 23 N. Y. 366, 379). One of the great purposes of that revision was to abolish distinctions between title and use and to convert into a legal estate the beneficiary's interest in a naked trust (*Johnson* v. *Fleet,* 14 Wend. 176; *Rawson* v. *Lampman,* 5 N. Y. 456; *Townshend* v. *Frommer,* 125 N. Y. 446, 457). The statute accomplished this by commanding that: " Every person, who, by virtue of any grant, assignment or devise, is entitled both to the actual possession of real property, and to the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest * * * " (Real Property Law, § 92). Section 92, although in terms applicable to realty, covers by analogy, trusts of personal property also, and modern courts, in New York as elsewhere, " execute passive trusts of personalty " as well as of realty (1 Bogert on Trusts & Trustees, § 207, citing *Matter of De Rycke,* 99 App. Div.

596, 597, and *Matter of Cooney,* 112 App. Div. 659, and 115 App. Div. 895, affd. 187 N. Y. 546; see, also, *Cutting* v. *Cutting,* 86 N. Y. 522, 546; *Stringer* v. *Young,* 191 N. Y. 157, 165, and Personal Property Law, § 11, last sentence). The trust we are here considering was not invalid while both daughters were alive, even though they were at the same time trustees and *cestuis* (*Rogers* v. *Rogers,* 111 N. Y. 228; *Woodward* v. *James,* 115 N. Y. 346, 357; Restatement of Trusts, §§ 99, 115). But the time came, as it obviously had to come unless both daughters died at the same instant, when the surviving daughter became solely entitled to both possession and income. Every valid trust must have, a trustee who is not the sole beneficiary (*Brown* v. *Spohr,* 180 N. Y. 201, 209; *Rose* v. *Hatch,* 125 N. Y. 427, 431 *et seq.; Weeks* v. *Frankel,* 197 N. Y. 304, 311; Restatement of Trusts, §§ 99, 115 and § 152, comment m). So, when the first daughter of this testator died, Mrs. Stier had thenceforth not the kind of beneficial trust interest which is made inalienable by section 15 of the Personal Property Law, but a fully assignable legal life estate in the property. She could and did turn that interest over to her nephew. The income thereafter accruing was his, not hers, and she properly omitted it from her returns of taxable income.

The Appellate Division, while conceding that after her sister's death Mrs. Stier could not hold office as sole trustee for herself, held that this disability resulted in no more than a " vacancy " in the office of trustee. The Appellate Division's view was that the " vacancy " could have been, and should have been, filled by the Supreme Court and that Mrs. Stier's failure to ask for such an appointment should not be permitted to nullify the testator's intent. The difficulty is that the first daughter's death did much more than create a vacancy. It ended a trust relationship and substituted a life tenancy (see 1 Scott on Trusts, discussion of the New York rule at p. 529).

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the determination of the State Tax Commission annulled.

Loughran, Ch. J., Lewis, Conway, Thacher, Dye and Medalie, JJ., concur.

Order reversed, etc.