In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Executor of ANNIE M. YULEE, Deceased Trustee under the Will of CHARLES W. YULEE, Deceased.

Surrogate's Court, Orange County, July 21, 1950.

*Otis T. Bradley, Laurence D. Kieran* and *William W. Hill* for United States Trust Company.

*W. Mason Smith, Jr.,* and *John J. Tommaney* for Charles M. Birckhead, as executor of Florida Y. Neff, deceased, and others, respondents.

*Rainey S. Taylor,* special guardian for Richmond M. Wight and another.

*Martin Rosenblum,* special guardian for Hugh S. R. Lovett and another.

TAYLOR, S.   Construction of the will of Charles Wickliffe Yulee, now deceased, is requested, and that problem is divided into two parts, viz.: (a) determination of the identity of the remaindermen, and (b) whether or not the will creates a trust for the benefit of the testator's widow, or whether she is a legal life tenant.  The will makes a provision over in the event of the remarriage of the widow, but the possibilities attendant upon her remarriage may be dismissed from consideration because the widow did not remarry.

That portion of the will pertinent to the question now being discussed is as follows: " In the event of the death of my wife

\* \* \* I devise and bequeath all my estate to my children and descendants, if any, surviving when this devise is to take effect, in fee simple and absolutely, the children of any deceased child to take the share the parent would have been entitled to, if living; but if any child of mine then surviving afterwards dies before attaining the age of twenty-one years and leaves no issue, then the share of such minor shall revert to my estate and go to the other devisees or devisee thereof. If no child or descendant of mine shall survive both my wife and myself and attain the age of twenty-one years as aforesaid, then I devise and bequeath all my estate \* \* \* to be equally divided between my two sisters, Nannie Yulee Noble and Florida Yulee Neff, or their children and descendants respectively, with like provisions to the foregoing in regard to the minority of any of their children who may become entitled under this devise."

The decedent left no children him surviving. His widow died April 30, 1949, survived by one of the testator's two sisters, Florida Yulee Neff, who died November 21, 1949. The other sister, Nannie Yulee Noble, survived the testator but died during the widow's lifetime, viz.: on February 28, 1928, leaving one child, Yulee Noble Miles. With respect to the remainder interest of Florida Yulee Neff it is immaterial whether the remainder vesting took place at the testator's death or at the life tenant's death, for she survived both of them. As the sister, Nannie Yulee Noble, survived the testator, but predeceased the widow, it becomes important to know whether her interest vested upon the testator's death and whether the words " or their children and descendants respectively " following the direction that the principal be divided between the two sisters are words of limitation or of substitution.

In analyzing this will in its entirety as we must (*Matter of Furry*, 196 Misc. 763), it is clear that the testator intended that the identity of the remaindermen should be determined not at his death but upon the death of the widow. In the paragraph making provision over in the event of the remarriage of the widow, it was directed that " the residue shall go to and vest in my children and descendants, if any then surviving \* \* \* if none be surviving, then said residue shall go in the manner further provided for my estate in the second paragraph of this my will ". In the paragraph applicable to the factual situation existing at the testator's death (that is, the failure of the wife to remarry), it was provided that upon her death that " I give and bequeath all my estate to my children and descendants, if any survive me when this devise is to take effect \* \* \* the

children of any deceased child to take the share the parent would have been entitled to, if living,'' then follows a provision that the share of any then living child who should die before obtaining the age of twenty-one years and leaving no issue should revert to the testator's estate. Following this is the provision that " If no child or descendant of mine shall survive both my wife and myself * * * then I devise and bequeath all my estate etc ''. Throughout this will, both in the clause which is applicable here and in the alternative clause, there clearly appears the intention of the testator that futurity should be annexed to the gifts. (*Matter of Pulis*, 220 N. Y. 196; *Lyons* v. *Ostrander*, 167 N. Y. 135; *Fowler* v. *Ingersoll*, 127 N. Y. 472; *Matter of Bostwick*, 236 N. Y. 242; *Matter of Crane*, 164 N. Y. 71.)

Having indicated that the identity of the remaindermen should be left to be determined at the death of the widow, it necessarily follows that the words " or their children and descendants respectively '', following the direction to divide the estate between the two sisters, are words of substitution and not words of limitation. (*Matter of Buechner*, 226 N. Y. 440; *Matter of Meahl*, 241 App. Div. 333; *Matter of Evans*, 234 N. Y. 42; *Waxson Realty Corp.* v. *Rothschild*, 255 N. Y. 332.)

With respect to the remainder interest the will is construed to vest, as of the death of the widow, one half of the residue in Florida Yulee Neff which would be payable to her executor, and the other one half in Yulee Noble Miles, daughter of the testator's deceased sister, Nannie Yulee Noble.

Construction of the will also requires a determination of whether or not a trust was created for the widow, or whether under our statute and pertinent decisions a legal life estate resulted.

The court holds that the will creates a legal life estate. The question is determined by section 92 of the Real Property Law which provides: " *When right to possession creates legal ownership.* Every person, who, by virtue of any grant, assignment or devise, is entitled both to the actual possession of real property, and to the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest; but this section does not divest the estate of the trustee in any trust existing on the first day of January, eighteen hundred and thirty, where the title of such trustee is not merely nominal, but is connected with some power

of actual disposition or management in relation to the real property which is the subject of the trust.'' This statute is applicable to real and personal property alike. (*Matter of Reed* v. *Browne*, 295 N. Y. 184.)

In *Rose* v. *Hatch* (125 N. Y. 427, 430) the testatrix by the second paragraph of her will gave her entire estate to her husband, in trust, '' to be by him held, enjoyed and disposed of as follows: * * * 1st. To his own proper use, benefit and advantage during his natural life, meaning and intending that out of the said estate, its income, substance, profits and avails, my said husband may and shall derive his support in whole or in part, accordingly as said estate may be made available * * * ''. Said the court with respect to the question here involved (pp. 431–432): '' By the second clause of the will there was an attempt to make Asa L. Hatch trustee for his own benefit during his life. Such a trust cannot be created. To constitute a valid trust three things are necessary, viz.: A trustee, another person, the beneficiary, and property, and without each of the three a trust cannot exist. (*Woodward* v. *James*, 115 N. Y. 346, 357.) Asa L. Hatch was, however, entitled to the possession of the land, and also to the rents and profits thereof, and hence, under section 47 (1 R. S. 728), it is clear that he took a legal estate in the land for life. That section provides that ' every person who, by virtue of any grant, assignment or devise, now is or hereafter shall be entitled to the actual possession of lands, and the receipt of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions as his beneficial interest.' ''

The principle was very succinctly stated in *Weeks* v. *Frankel* (197 N. Y. 304, 310) in these words '' A trust contemplates the holding of property by one for the benefit of another, and, consequently, the same person may not at the same time be both sole trustee and sole beneficiary of the same interest.''

In *Brown* v. *Spohr* (180 N. Y. 201) the Court of Appeals quoted with approval from the court below: '' ' There are four essential elements of a valid trust of personal property: (1) A designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee.' ''

There is to be distinguished the case where the sole income beneficiary is a trustee with another (*Matter of Reed* v. *Browne,* 295 N. Y. 184, *supra*).

*Robertson* v. *de Brulatour* (111 App. Div. 882, affd. 188 N. Y. 301) from which the accountant quotes, is to be distinguished in that the wife, the income beneficiary, was but one of three named trustees.

Professor Scott in his work on Trusts (Vol. 1, § 99) says: "The creation of a trust involves a separation of the legal and equitable interests in property. Where a single individual has the whole legal interest and the whole beneficial interest, there is no trust. Where the sole trustee has also the whole beneficial interest, he simply holds the property free of trust".

One cannot owe a legal obligation to himself.

The accountant contends that because the widow has furnished the remaindermen with informal nonjudicial accounts in some of which she refers to herself as trustee, all parties are now estopped from denying that a trust was created, and, further, that the parties have themselves placed a practical construction upon the will. Whether the widow in her informal accounts described herself as trustee, or as life tenant, or made no reference whatsoever to her legal relationship to the estate, could have no effect whatever with respect to the matters set out in the account itself; that is, whether the widow was a trustee, or whether she was a life tenant would not in any way change the listing of the assets, nor affect the expenditures, except possibly the paying out or the claim to commissions as trustee, and it is conceded that in the informal accounts no claim for commissions was made. There having been no claim for commissions in the informal account there could be no prejudice to the rights of the remaindermen by the widow describing herself as a trustee. Except as to the handling of the estate property the precise legal relation of the widow to it was not involved, for whether she was a true trustee, or a trustee in the loose sense that as life tenant she owed certain obligations to the remaindermen, made no difference. The court holds that by reason of these informal accounts the remaindermen are not estopped from raising the question of whether or not the will created a trust, nor was there a practical construction of the will.

We come now to the question of compensation of the accountant who is the executor of the widow's estate. It is claimed as hereinbefore indicated that the widow was a trustee and under section 257 of the Surrogate's Court Act it is accounting for the

acts and doings of its testatrix and for what it described as the trust property which has come into its possession or was in the possession of its testatrix.

A legal life tenant, particularly one who is in possession of the principal of the estate, owes certain duties to the remaindermen, and prior to the enactment of section 261-a of the Surrogate's Court Act (L. 1940, ch. 829), the life tenant could probably have accounted to the remaindermen for her acts as life tenant, or conversely the remaindermen could have compelled an accounting by the life tenant. The note appended to the statute mentioned (L. 1940, ch. 829) states that it was added to eliminate all doubt that the Surrogate has jurisdiction to settle the account of a legal life tenant or of the representative of a deceased legal life tenant. An advantage to a deceased's legal life tenant's estate by a judicial settlement of the account and proceedings of the life tenant as such would be to determine the liability, if any, of the legal life tenant's estate for misfeasance or malfeasance in the handling of the subject of the life tenancy, but, obviously, in such an accounting the representative of the deceased life tenant could not make distribution of the principal. As no distribution of principal can be made in this case, it is difficult to see how any commissions can be allowed to the representative of the deceased life tenant.

Section 261-a of the Surrogate's Court Act is a part of article 14 entitled " Accounting; Judicial Settlement and Decree " and obviously affects only procedural matters. The statute refers to " Every right granted by this article " and states that it " shall apply to a similar proceeding," and makes no reference directly, by incorporation, or by implication to the allowance of compensation by way of commissions to the representative of the deceased life tenant payable out of the property which is the subject of the life tenancy.

Matter of Olstein (51 N. Y. S. 2d 770) is in keeping with this interpretation, for there it was held that remaindermen might require the life tenant to account.

It seems to the Surrogate that there is a very practical solution to the problems here presented. All persons who would be necessary parties to a proceeding by this accountant as the representative of the widow as the executrix of the testator's estate are parties to this proceeding and an amendment to this proceeding to have it stated to include also the acts of the widow, as executrix, will enable a distribution of the principal to be presently made, and the decree to be entered upon this decision may provide for such amendment.

If the proceedings be amended, as indicated, then there may be an allowance of commissions to the estate of the deceased executrix and to the accountant here as her representative to be divided between the testatrix' estate and the accountant here in the proportion of one full receiving commission and one-half paying out commission to the testatrix' estate, and the other one-half paying out commission to the accountant. (*Matter of Barker*, 230 N. Y. 364; *Matter of Bushe*, 227 N. Y. 85; *Matter of Zinn*, 188 Misc. 675; *Matter of Wandling*, 181 Misc. 292.)

The accountant asks for authority to receive and pay out the proceeds of redemption of certain United States Savings Bonds, Series " G ", registered in the name of the widow, as trustee. Express authority so to do would seem to be unnecessary, for such power is inherent in the fiduciary's office, but if by reason of these bonds having been registered in the name of the widow, as trustee, authority or direction of this court is necessary to permit such redemption, the decree may contain the necessary direction and authority.

Allowances will be made upon the settlement of the decree which may be by consent or upon five days' notice.