Frankenthaler, S.
The testator herein left all his property to his executor in trust to pay the income to his widow for life. He then appointed his widow as executrix and trustee subject to a direction that “ she shall not be required to furnish any bond or other obligation conditioned upon the faithful performance of her duties as such executrix and trustee.” As a result the widow upon transfer of the property to herself as trustee would be entitled both to the possession and to the income from the property and would therefore hold a legal life estate in the property. (Real Property Law, § 92; 1 Scott on Trusts § 99.3; Matter of Reed v. Browne, 295 N. Y. 184.) For this reason the decree granting letters testamentary directed the widow to furnish a bond (Surrogate’s Ct. Act, § 169-a). Although the executrix does not question the necessity of furnishing security when the property is transferred to her as legal life tenant, she does ask to be relieved of the burden during the period while she holds the property in her capacity as executrix in accordance with the procedure permitted in Matter of Shipman (53 Hun 511). No circumstance has been presented herein to override the express intention of the testator that his widow not be required to post bond as executrix. Furthermore, as it is the duty of the executrix to continue to hold the estate property in such capacity until the life tenant furnishes the security *262 required, she may continue to hold the property as executrix. (Matter of Brittain, 48 N. Y. S. 2d 931; Matter of Ughetta, 176 App. Div. 651; Matter of Sachs, 47 N. Y. S. 2d 674; 6 Jessup-Redfield on Surrogates’ Law & Practice, § 5458.)
The will grants the executors “full power to call in and change the investments from time to time in their absolute discretion.” This provision is construed as granting to the executors power to make such investments and only such investments as a prudent man would make of his own property having primarily in view the preservation of the estate and the amount and regularity of the income to be derived (Restatement, Trusts, § 227; Matter of Hall, 164 N. Y. 196; Matter of Brittain, supra; Guaranty Trust Co. v. Leach, 168 Misc. 526; Matter of Wilmerding, 135 Misc. 674; Matter of Maloney, 120 Misc. 456; Matter of McDowell, 102 Misc. 275; mod. 193 App. Div. 914, mod. 230 N. Y. 601).
Submit decree settling account of executrix accordingly.