George Frankenthaler, S.
In paragraph Second of his will Henry B. Johnson bequeathed $10,000 to his wife Augusta Johnson “ In trust to invest and reinvest the same and to pay the income thereof to my said wife, Augusta Johnson, during the term of her natural life ”. Upon her death the remainder was to pass to two cemeteries. Mrs. Johnson was named executrix and in compliance with court order she filed a bond in the sum of $10,000 to secure delivery of the principal of the gift in paragraph Second to her successors in interest, before letters testamentary were issued. As executrix she assigned to herself as “ trustee ” a one-half interest in a $20,000 bond and mortgage in satisfaction of this bequest and made the transfer subject to liability for allocable estate taxes. Letters of trusteeship were never issued to Mrs. Johnson who died in 1953. Her executor is accounting for her life estate in the $10,000 which he has entitled a trust account and to which the remaindermen have filed objections. There is no objection to the two companion accounts submitted by the executor as the representative of the deceased executrix and as administrator c. t. a., respectively, of the Henry B. Johnson estate.
*89 Pursuant to an intermediate order the accountant has collected the sum due under the mortgage with objectants ’ consent, and all questions as to distribution in kind were thereby eliminated. The $1,197.56 which comprises the amount of estate tax apportioned to this property should clearly be deducted from the principal. The objections to the treatment of this sum as a ‘ ‘ receivable ’ ’ due from the remaindermen and as an addition to the corpus are sustained.
All of the remaining objections relate to the extent and nature of the liability for the expenses of administering the gift in paragraph Second. Henry B. Johnson’s attempt to create a trust with Mrs. Johnson as sole trustee and sole life beneficiary was ineffectual and she held a legal life estate with the same incidents of tenure as if the bequest had taken that form (Real Property Law, § 92; Matter of Reed v. Browne, 295 N. Y. 184; Rose v. Hatch, 125 N. Y. 427). Contending that neither the life tenant nor her executor is entitled to commission, the object-ants dispute the amounts set forth in schedule “ JJ ” as payable to the estate of Augusta Johnson, “ deceased trustee ” and to the accountant as “ executor of deceased trustee.” Concededly the statute governing trustees’ commissions (Surrogate’s Ct. Act, § 285-a) does not in terms authorize such payments to a legal life tenant. A life tenant of personal property who takes possession of the corpus has often been called a trustee for the remainderman (Matter of Reckford, 307 N. Y. 165,170; Peck v. Smith, 227 N. Y. 228, 232; Matter of Smith, 170 Misc. 556; see Surrogate’s Ct. Act, § 314, subd. 6). Like a trustee he may be compelled to account (Surrogate’s Ct. Act, § 261-a; Matter of Olstein, 51 N. Y. S. 2d 770; Matter of Smith, supra); to furnish a bond as a condition precedent of possession (Surrogate’s Ct. Act, § 169-a; Matter of Wind, 1 Misc 2d 260) and to confine his exercise of the power to invest the principal within the limits imposed upon trustees (Matter of Krom, 86 N. Y. S. 2d 628; see Matter of Bunker, 183 Misc. 523; but cf. Matter of Raplee, 160 Misc. 615).
Although the holder of a life estate is managing property in which other parties have an interest and is therefore a trustee in a general sense, the courts have recognized that “ A life tenant is not a trustee in the sense in which that term is used in courts of equity and in the statute ” (Matter of Flynn, 73 N. Y. S. 2d 408, 411; Matter of Yulee, 199 Misc. 440; 1 American Law of Property, § 2.27). The rule that a testamentary provision exempting “ my trustee ” from bond will not be construed as a direction that the nominated individual serve without bond when the “ trustee ” is held to be a life tenant *90 (Matter of Richardson, 135 Misc. 726, affd. 229 App. Div. 765; Matter of Wind, 1 Misc 2d 260, supra; 1 Scott on Trusts, p. 741) illustrates one well-established area in which a life beneficiary is not considered to be a “ trustee The broader fiduciary nature of the relationship between a trustee and a beneficiary as compared with the duty of care which a life tenant in possession owes remaindermen (1 Bogert on Trusts and Trustees, § 27) justifies a rule which provides commissions for trustees and not for life tenants. No undue hardship is produced by denying such commissions, for the obligations of the life tenant in possession are merely a condition of the right to income and to the use of the property. Furthermore the burdens of ádministration can be avoided by allowing possession of the asset to remain in the executor (Matter of Wind, supra). The account of the estate of Henry B. Johnson reflects commissions to Mrs. Johnson as executrix for her transfer to herself of this asset. An additional consideration is the likelihood that testators generally do not intend to charge the corpus for management by the legal life tenant • — the life estate is often recommended as a less expensive tenure than the trust because no commissions are payable (28 N. Y. U. L. Rev. 1162, n., Life Estates with Power to Consume). The court declines to interpret section 285-a of the Surrogate’s Court Act as including life tenant among the trustees whose rights to commission are governed thereby and holds that no ground has been shown for awarding such commissions in the absence of statute (Matter of Yulee, 199 Misc. 440, supra; cf. Matter of Hitchins, 39 Misc. 767; but cf. Matter of McCoy, 125 App. Div. 152, revd. on other grounds 194 N. Y. 288).
Different factors bear upon the issue of the right of Mrs. Johnson’s executor to the commissions stated in schedule “ JJ ”. Section 261-a of article 14 of the Surrogate’s Court Act provides : ‘ ‘ Every right granted by this article to or against a testamentary trustee and the legal representatives of a deceased testamentary trustee * * * shall apply to a similar proceeding by or against a legal life tenant and by or against the legal representatives of a deceased legal life tenant ”. The article referred to contains section 257 which authorizes an accounting by the legal representative of a deceased testamentary trustee and gives the Surrogate discretion to “ allow to the accounting party reasonable compensation for any service rendered by him to the estate accounted for.” The section governing trustees’ commissions is in a subsequent article not made applicable to life tenants by section 261-a. Through the conduit of section 261-a the obligation to account, imposed upon *91 trustees ’ representatives by section 257, was extended to the life tenant’s representative (Matter of Olstein, 51 N. Y. S. 2d 770, supra; Matter of Smith, 170 Misc. 556, supra). Objectants contend that the provision in section 257 concerning compensation was not intended to be carried over in this manner and that it cannot be applied to a legal life tenant’s executor because it is limited to a case where the decedent would have received commissions by the ensuing language: 11 The compensation so allowed plus any commissions retained by the deceased fiduciary * * * shall in no event exceed a full commission under section * * * two hundred eighty-five-a ”. The plain meaning of the language in section 261-a authorizes the award of compensation to the life tenant’s executor as a “ right granted by this article to * * * the legal representatives of a deceased testamentary trustee ” which “ shall apply to a similar proceeding by * * * the legal representatives of a deceased legal life tenant ”. (Contra: Matter of Yulee, 199 Misc. 440, supra.) As expressed in the bill note (L. 1940, ch. 829) the legislative purpose with respect to this section was equally broad ‘ ‘ to eliminate all doubt that the surrogate has jurisdiction to settle the account of a legal life tenant or of the legal representative of a deceased legal life tenant * * * and to conform such accounting proceeding to that of a testamentary trustee.” The identity of the duties performed by the accounting executors of life tenants who had possession of the corpus and trustees, justifies a congruent treatment and warrants the award of compensation to the former although none were payable to the deceased life beneficiary. Unlike the life tenant the latter’s executor has no personal interest in the property to serve as a basis for imposing responsibility to administer, distribute and account upon him and situations are conceivable in which the absence of compensation would make securing an executor to account for a life tenant in possession impossible, to the detriment of remaindermen. Although the life tenant’s title to the property was extinguished upon her death, her executor is transferring possession to her successors (Leggett v. Stevens, 185 N. Y. 70; Matter of Moeller, 179 Misc. 630). Reasons of policy thus bolster the authority given in section 261-a of the Surrogate’s Court Act, and this court will allow the executor of this deceased life tenant such compensation as would be approved if Augusta Johnson had been a testamentary trustee who had retained allowable commissions.
The other items of expense in dispute are listed in schedule “ CC ”. The remaindermen do not deny that the $50 appraisal expense was incurred in an attempt to comply with their request *92 for data and in the course of preparing this account and this objection is consequently dismissed. The objections to the item for Mrs. Johnson’s bond are sustained. As this bond was furnished as executrix and did not secure her acts as life tenant it is not an expense of this fund. Any payment from the principal for legal services and disbursements is objected to and the court holds that such liability may exist but the amount thereof, if any, will be fixed upon the submission of an affidavit of services (Surrogate’s Ct. Act, §§ 231-a, 278; Matter of Cluskey, 169 Misc. 264, 265). Petition and account consistently treat the objectants as the remaindermen entitled to share in this fund and the vague language in accountant’s brief asking the court to assume his duty to inquire into their capacity to execute receipts for payment does not suffice to dispute their interests.
Submit decree on notice settling these accounts accordingly. Upon the submission of an affidavit of services the court will also fix the attorney’s fees claimed in schedule “ COO ” of the account of the administrator c. t. a. of the estate of Henry B. Johnson.