JOHN GRIMM, INDIVIDUALLY AND AS TRUSTEE OF THE TRUST UNDER THE WILL OF JOSEPHINE BRINTON GRIMM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 337–63.  Filed February 10, 1965.

*Francis L. Driscoll*, for the petitioner.
*Warren S. Shine*, for the respondent.

OPINION

RAUM, *Judge:* The Commissioner determined that petitioner is personally liable for the payment of $193,758.65 estate tax deficiency

plus interest in respect of the estate of Josephine D. Robinson,[1] who died in 1957, a resident of Florida.

Petitioner is not a transferee of the decedent or her estate; he is not a beneficiary of her estate; he is neither a trustee nor beneficiary of any trust established by the decedent by deed or will; and he is neither an executor nor an administrator in respect of her estate. However, petitioner is the sole trustee and sole life beneficiary of a trust in which the decedent had a remainder interest which she appointed to trustees of a trust established by her will, and it is the Government's position that petitioner is liable as a "fiduciary" of those trustees as well as a "fiduciary" of the executor of her will, in accordance with section 6903 of the 1954 Code. The correctness of the deficiency is no longer in dispute,[2] and petitioner's liability as "fiduciary"[3] is the only matter now in controversy. The facts giving rise to the problem have all been stipulated and may be stated as follows:

Josephine Brinton Grimm was the wife of petitioner and the mother, by a prior marriage, of the decedent, Josephine D. Robinson. Mrs. Grimm died in 1947, a resident of New York. Petitioner was the executor of her will and is the sole trustee of the trust established thereunder. He is a resident of New York.

Mrs. Grimm's will gave all her property to petitioner as trustee to hold for his own benefit during his lifetime with extensive powers of management and a broad exculpatory clause, the income from the trust to be payable to petitioner,[4] and upon petitioner's death the then-remaining principal to be paid to Mrs. Grimm's daughter, Josephine D. Robinson, but in the event of the daughter's prior death such principal to be paid over as the latter might appoint by will and, in default of such appointment, to her (Mrs. Robinson's) children.

Mrs. Robinson died on September 7, 1957, and her will, after making specific bequests of jewelry and other personal property, gave the remainder of all her property to trustees for the benefit of her son,

---

[1] As will hereinafter appear, $85,000 of this amount has since been paid by the executor of the decedent's will, and the Commissioner's claim against petitioner has thus been reduced to that extent. The Commissioner's brief herein makes clear that he is now claiming only $108,758.65 ($193,758.65 less $85,000), plus statutory interest.

[2] Petitioner originally contested the deficiency itself, but has apparently abandoned the point on brief. Moreover, the executor has consented to assessment of the deficiency, and, as cotrustee of the testamentary trust has acknowledged liability therefor as a transferee of the decedent's estate; the other cotrustee did not file any petition from a notice of transferee liability; and assessments have been made against both cotrustees as transferees.

[3] The Commissioner had also proceeded against petitioner as a transferee, but, on brief, has abandoned the position that petitioner is a transferee of assets of the decedent's estate.

[4] Petitioner was also given the right to invade principal if the income were insufficient to maintain a standard of living at least equivalent to that maintained at the time of execution of the will (Feb. 7, 1941) which the will fixed at approximately $12,000 a year. Another provision permitted withdrawals beyond that point in the event of changed economic circumstances that would require additional amounts to maintain the same standard of living, but only upon a finding by the surrogate of the court administering the estate that such additional amounts would be so required.

Caldwell Colt Robinson. She also exercised her power to appoint her remainder interest in the Grimm trust, directing that the remainder be delivered to her trustees to be held by them in the trust created by her will for her son. Exclusive of the remainder interest in the Grimm trust, Mrs. Robinson's gross estate, as reflected in her Federal estate tax return, was $92,376.26, and her executor paid an estate tax of $811.08 shown to be due in the return. The return, although disclosing Mrs. Robinson's exercise of her general power of appointment, did not report any value in respect thereof.

At the time of Mrs. Robinson's death the Grimm trust consisted of various publicly held stock then having a fair market value of $817,175.75, an automobile worth $3,300, and cash in the amount of $2,706.30. Petitioner was then 76 years old. The value of the remainder interest in the Grimm trust appointed by Mrs. Robinson was determined by the Commissioner to be $652,799.83. By including this amount in her gross estate the Commissioner determined a deficiency in the amount of $193,758.65, which has not been contested by the executor or the trustees of her testamentary trust, nor is it presently contested by petitioner (see fn. 2, *supra*).

Subsequent to the filing of the petition herein, Mrs. Robinson's executor, on November 21, 1963, paid $85,000 on account of the estate tax deficiency. This payment exhausted the assets of the estate, exclusive of the remainder interest in the Grimm trust, except for certain sums needed to pay income taxes and other administration expenses.

Respondent has made demand for payment of the estate tax deficiency, plus interest as provided by law, from the executor of Mrs. Robinson's estate, her testamentary trustees, and petitioner. Except for the foregoing payment in the amount of $85,000, the liability remains unpaid. A proof of claim was duly filed by the respondent with the estate.

No application has ever been made to the district director for an extension of time to pay the estate tax liability of Mrs. Robinson's estate, pursuant to sections 6163 and 6165 of the Internal Revenue Code of 1954 [5] and the regulations issued thereunder.

---

[5] SEC. 6163. EXTENSION OF TIME FOR PAYMENT OF ESTATE TAX ON VALUE OF REVERSIONARY OR REMAINDER INTEREST IN PROPERTY.

(a) EXTENSION PERMITTED.—If the value of a reversionary or remainder interest in property is included under chapter 11 in the value of the gross estate, the payment of the part of the tax under chapter 11 attributable to such interest may, at the election of the executor, be postponed until 6 months after the termination of the precedent interest or interests in the property, under such regulations as the Secretary or his delegate may prescribe.

SEC. 6165. BONDS WHERE TIME TO PAY TAX OR DEFICIENCY HAS BEEN EXTENDED.

In the event the Secretary or his delegate grants any extension of time within which to pay any tax or any deficiency therein, the Secretary or his delegate may require the taxpayer to furnish a bond in such amount (not exceeding double the amount with respect to which the extension is granted) conditioned upon the payment of the amount extended in accordance with the terms of such extension.

The Government bases its right to proceed against petitioner as a "fiduciary" upon section 6903 of the 1954 Code, which provides:

SEC. 6903. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) RIGHTS AND OBLIGATIONS OF FIDUCIARY.—Upon notice to the Secretary or his delegate that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

Section 7701(a)(6) defines "fiduciary" as follows:

FIDUCIARY.—The term "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person.

Without considering the question whether there has been compliance with the "notice" provisions of section 6903 or whether such compliance is strictly necessary, cf. *Fletcher Trust Co.*, 1 T.C. 798, 802–803, affirmed 141 F. 2d 36 (C.A. 7), certiorari denied 323 U.S. 711, we hold that these provisions are not applicable here.

Petitioner argues that as sole trustee and sole income beneficiary of the Grimm trust his interests merged into a legal life estate under applicable New York law, *Reed* v. *Browne*, 295 N.Y. 184, 66 N.E. 2d 47, and that he is therefore not a fiduciary at all. We reject that view as too narrow, for even the owner of a legal life estate may have fiduciary responsibilities or may be treated as a trustee for some purposes. *Weil* v. *United States*, 180 F. Supp. 407, 410–411 (Ct. Cl.), certiorari denied 364 U.S. 822; *United States* v. *DeBonchamps*, 278 F. 2d 127, 131–133 (C.A. 9); *Matter of Reckford*, 307 N.Y. 165, 170, 120 N.E. 2d 696, 698; *Matter of Johnson*, 5 Misc. 2d 87, 89, 90, 158 N.Y.S. 2d 933, 936, 937. Cf. Restatement, Property, secs. 202–204. However, we do agree that he is not a fiduciary in respect of any *present interest* in the Grimm trust so as to render him liable for the tax attributable to the inclusion of the remainder interest in Mrs. Robinson's gross estate.

This is not a case where petitioner has possession or control over property passing from the estate of the decedent, Mrs. Robinson. His interest derives solely from Mrs. Grimm's estate, and Mrs. Robinson neither could nor attempted in any way to reduce the quantum of that interest. Mrs. Robinson bequeathed or appointed merely the remainder *after* petitioner's life estate, a remainder that would "fall in" only upon petitioner's death. She had no power to direct the flow of income or dispose of any portion of the corpus during petitioner's lifetime. Her rights related solely to the corpus *at the time* of petitioner's death.

If the Government were to prevail here, Mrs. Robinson's estate tax deficiency could be paid only out of the income or present corpus of the Grimm trust. But petitioner has an indefeasible right not only to the income but also to have the corpus held intact as a source of future income for the remainder of his life. He does not hold these interests as a "fiduciary" for anyone other than himself. The Government's rights relate to the remainder, and if petitioner in some way could pay the claimed amount out of the remainder without impairing his life interest, the Government could probably require him to do so. But that is not the situation here.

The remainder is *now* owned either by Mrs. Robinson's executor or her testamentary trustees. Very likely, the Government could seek to levy upon or otherwise effect collection from that remainder without in any way affecting petitioner's life interest. But it cannot do so by impairing petitioner's life interest.

The difficulties herein appear to arise by reason of the fact that petitioner's life estate is a present interest whereas the remainder, which is the only property out of which the Government has a right to collection, is a future interest. And petitioner is not a "fiduciary" of that future interest. He is a "fiduciary" only in the sense that he has present possession and control of the corpus that will at some later time (at his death) pass to Mrs. Robinson's appointees, and therefore has certain obligations to such appointees not to impair or jeopardize the corpus except as permitted by Mrs. Grimm's will. Cf. *Matter of Johnson*, 5 Misc. 2d 87, 89, 90, 158 N.Y.S. 2d 933, 936, 937. But he cannot be required to surrender any portion of his present interest that was never part of Mrs. Robinson's estate and in respect of which he was never a fiduciary for anyone. Thus, although petitioner is in a sense a fiduciary, section 6903 does not apply to him here because it specifically provides that "the tax shall be collected from the estate of" the person for whom he is acting as fiduciary. And, as shown above, neither petitioner's present interest nor any other present interest in the corpus was ever part of Mrs. Robinson's estate nor did any such present interest ever become an asset in the hands of her executor or trustees. Section 6903 does not authorize collection from any present interest in this trust. The Commissioner may proceed against the remainder while it is a future interest during petitioner's life or he may seek collection from the corpus at or after petitioner's death. However, he is not entitled to collect from petitioner. In short, the Commissioner is proceeding here against the wrong party.

Congress was aware of the problem presented by the present situation and has taken it into account in section 6163 of the 1954 Code, fn.

5, *supra*, by providing for an extension of time for payment of estate tax on a remainder interest in property. Those provisions had their origin in section 811 of the Revenue Act of 1932, and the Senate Finance Committee in its report recognized that the tax would otherwise be payable through a sale of the future interest or the proceeds of a loan obtained with the future interest as security; it proposed the new provisions to grant relief from the rigors of that situation since the future interest might not "be readily salable or readily available as security for a loan." [6] Plainly, it did not contemplate that the Commissioner could require collection out of principal prior to the expiration of the preceding life tenancy. The Commissioner's rights herein are against the executor or testamentary trustees. Whether they choose to avail themselves of the benefits of section 6163 or suffer the remainder to be sold or encumbered in order to pay the tax is not before us. But there is no valid basis for attempting to obtain payment from the petitioner.

The Government's reliance upon *Estate of Nathan P. Cutler, Jr.*, 5 T.C. 1304, 1315–1316, affirmed on other issues sub nom. *Newton Trust Co.* v. *Commissioner*, 160 F. 2d 175 (C.A. 1), is misplaced. That case bears a misleading superficial resemblance to the one before us, but it is distinguishable in a pivotal respect. There, the second decedent had a right to appoint *both* the income and principal of that portion of an existing trust that pertained to him, and obviously the trustee was a "fiduciary" in respect of the appointed interests which were included in the gross estate. No outstanding present interest of any third party, as in the present case, was there involved. *Cutler* does not control here.

*Decision will be entered for the petitioner.*

---

[6] See S. Rept. No. 665, 72d Cong., 1st Sess., pp. 54–55:

SECTION 811. FUTURE INTERESTS—EXTENSION OF TIME FOR PAYMENT OF TAX

In cases where there is included in the gross estate the value of a remainder or reversion which will not come into possession until the falling-in of the precedent interest or interests, the payment of the whole amount of the tax at the time now required may occasion considerable hardship. For example, A acquired from his father's estate a remainder in certain property which is to take effect in possession upon the termination of a life estate to B, and A dies during the lifetime of B. Or, A grants to B an estate for the life of B, and dies during B's lifetime. There is included in A's gross estate, the present value of the remainder, or reversion, which passes upon his death, which, although of substantial value, may not be readily salable or readily available as security for a loan. Your committee has therefore added a provision which permits, in such a case, the postponement of payment of the part of the tax attributable to the reversionary or remainder interest or interests until six months after the termination of the precedent interest or interests in the property. The provision, of course, is limited to cases where the property included in the gross estate is the reversionary or remainder interest as such and does not extend to the case where the decedent merely creates future estates by his own testamentary act. Postponement of payment is conditioned, however, upon the giving of bond to secure the payment of the part of the tax attributable to the future estate, with interest from 18 months after the decedent's death.