■ In the Matter of the Estate of CATHRYN DE B. WHITEHOUSE, Deceased. EARL D. WHITEHOUSE, as Executor of CATHRYN DE B. WHITEHOUSE, Deceased, Respondent; METHODIST EPISCOPAL CHURCH OF GENEVA, NEW YORK, Appellant. — AULISI, J. Appellant, the Methodist Episcopal Church of Geneva, N. Y., seeks review of a decree of the Surrogate's Court of the County of Chenango which declared a trust in decedent's will void; held that said church's interest was contingent; and refused to apply the *cy pres* doctrine. The NINTH paragraph of the will, dated April 24, 1935 which the Surrogate was requested to construe by the respondent executor reads as follows: "NINTH: I hereby give and bequeath to my trustee, hereinafter named all in trust, nevertheless, the remainder of my stocks, bonds and securities for the following purposes: (a) to pay all dividends and interest, or if converted into cash, then pay the interest received therefrom to my husband, Earl D. Whitehouse, during his life; and (b) Upon the death of my husband, I direct that the principal of said trust fund shall be paid over, and I give and bequeath the same, upon that event, to the Methodist Episcopal church of Geneva, New York, absolutely and forever; which principal as paid over to said church shall be used only for the painting of the picture, 'The Last Supper', over the altar in said church or if such is impractical, then in that event, the principal shall be used to purchase this picture, to be designated as a Memorial to Edwin and Clara DeBott, my parents." The TWELFTH paragraph of the will provided for the appointment of testatrix' husband as executor and trustee and for the appointment of her brother as successor trustee if her husband were unable to act. Testatrix also made some bequests of certain items of jewelry and gave the residue of her property and estate to her husband, absolutely. She died on September 29, 1963. It is a well-settled rule of trust law that a sole trustee who is also the sole beneficiary of the current income of the trust is deemed to have a legal life estate of the same quality and duration and subject to the same conditions as his beneficial interest (*Matter of Reed* v. *Browne,* 295 N. Y. 184; Real Property Law, § 92; Personal Property Law, § 11). Relying on *Matter of Phipps* (2 N Y 2d 105) appellant contends that a provision in the will appointing a successor trustee prevents the operation of this rule. *Phipps* is clearly inapplicable in this case. There the sole beneficiary (the wife) was originally only a cotrustee which prevented a merger of the legal and beneficial interests. True, the cotrustee predeceased the wife and the latter continued to administer the estate alone but the will contemplated the appointment of a successor at the death of one of the existing trustees and the Surrogate so found. Here, however, testatrix' brother was to be trustee only in "the event my husband is unable to act as trustee." The Surrogate found, in substance, that it was not possible to paint a picture above the altar or to hang a picture in the church proper but that it would be practicable and would satisfy the testamentary provision and fulfill testatrix' intent to hang the designated picture elsewhere in the church edifice, with an appropriate memorial plaque. This procedure would follow the termination of the life estate unless the parties should, by agreement, cause the remainder to be accelerated by effectuating the gift to the Church presently and by payment of the balance into the residuary estate, to be disposed of under the will. Decree construing will modified, on the law and the facts, so as to provide that paragraph "NINTH" of decedent's will created a valid life estate for the duration of the life of decedent's husband; that at the termination of said life estate the remainderman Church will be entitled to have purchased

and installed in its church edifice a copy of the picture "The Last Supper", with an appropriate memorial plaque, the costs thereof to be paid from the remainder of said life estate and the balance then remaining of said remainder to become part of said decedent's residuary estate, and, as so modified, affirmed, with costs to parties filing briefs payable from the principal of said life estate. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.