OPINION OF THE COURT
Ernest L. Signorelli, S.
In this accounting proceeding, the balance of the fees and disbursements of the attorneys for the executrix is fixed and allowed in the amount requested in the petition as amended for all services rendered and to be rendered, including settlement of the decree herein and distribution thereunder.
Petitioner also prays that the court confirm that a certain legal life estate is governed by New York law and the life tenant has the investment powers granted by EPTL 11-2.2, has no power to invade the principal of the legal life estate and has the power to pay reasonable and proper administra *499 tion expenses from the principal of the legal life estate. Jurisdiction has been obtained over all interested parties and no one has appeared in opposition, except for the guardian ad litem for infant remaindermen of the life estate. He has appeared and recommends that the court grant the relief requested, except he maintains that all administration expenses should not be paid from principal but should be paid in accordance with the provisions of EPTL 11-2.1 (subd [1]). He also recommends that the decree make appropriate provision for the management, preservation and identity of the life estate’s assets.
Decedent’s father, a Missouri domiciliary, created an inter vivos trust in 1918 wherein he gave decedent a general power of appointment over the corpus exercisable by a will. In 1942, decedent converted the general power into a special power by executing a partial release. This power was exercised by article fourth of decedent’s will, wherein he gave his spouse a life estate in the corpus of the aforesaid trust with remainder in certain proportions to certain contingent remaindermen. He directed that the life tenant’s rights and duties be "in accordance with the laws governing legal life estates in effect from time to time”, and she have possession of the corpus without bond. The trustees of the inter vivos trust and the corpus thereof were, since its inception, and at the time the power was exercised, located in the State of Missouri. The trustees brought an action in the Circuit Court of St. Louis, Missouri for advice and direction regarding the validity of the exercise of the power of appointment. The court, applying Missouri law, sustained the validity of the exercise of the power as to the creation of a legal life estate and directed the trustees to turn over the corpus to the life tenant to be held and distributed according to the terms of decedent’s will. Currently, the life tenant and all the remaindermen reside in New York, with the exception of one remainderman, and the corpus consisting of personalty is located in this State.
A careful and exhaustive search of the authorities fails to reveal any precedent as to the manner in which a life tenancy, such as the one herein, is to be administered, the life tenant’s investment powers, and the manner in which administration expenses should be allocated. Prior case law, however, does equate a life tenant of personalty who takes possession of the corpus to a trustee. (Matter of Reckford, 307 NY 165; Peck v Smith, 227 NY 228; Matter of Smith, 170 Misc *500 556; Matter of Johnson, 5 Misc 2d 87.) If the life tenant has possession of and control over the corpus, and functions in a manner similar to that of a trustee, he should, therefore, have comparable responsibilities regarding the administration of the property. The court, therefore, will look to and apply the law governing trustees in determining the remaining issues. •
EPTL 10-6.9 entitled, "Exercise of a power of appointment in further trust”, provides as follows: "If the donee of a power of appointment exercises the power in favor of the trustee of a trust under a will or deed other than that under which the power was created, and if said exercise is otherwise valid, the appointive property shall be paid over to and administered by the trustee of, and under the terms of, the trust under such will or deed and jurisdiction over said, appointive property shall thereafter be in the court having jurisdiction of the trust under such will or deed.” By his will, decedent validly exercised his power and created a life tenancy in the corpus. The appointive property was properly turned over and is to be administered by the life tenant pursuant to the terms of the will. Decedent died a domiciliary of Suffolk County and his will was, accordingly, admitted to probate therein. This court, therefore, has jurisdiction of the life tenancy and appointive property and any and all questions concerning its administration will be determined by New York law.
The life tenant is bound to employ such prudence in the care and management of the corpus as persons of discretion and intelligence employ in their own affairs and she is to confine her exercise of the power to invest the corpus within the limits imposed by law upon trustees. (Matter of Flynn, 73 NYS2d 408; Matter of Johnson, supra.)
Petitioner requests that administration expenses be charged to principal according to the statutory rules applicable to estates. (EPTL 11-2.1, subd [d].) In Matter of Smith (87 Mise 2d 868), the court, in dealing with the allocation of stock distributions made during a legal life estate, applied the provisions of EPTL 11-2.1 (subd [1']) holding that the same rules should apply in situations involving legal life estates as apply to trusts. I concur and further determine that administration expenses are similarly governed by the trust provisions of EPTL 11-2.1 (subd [1]).
As to the issue relating to the consumption of principal by the life tenant, the decedent’s will is devoid of any such power *501 and I, therefore, hold the decedent’s spouse does not have the right to invade the corpus. (Matter of Argersinger, 75 Misc 2d 767.)