WILLIAM R. TODD, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101312. Promulgated June 19, 1941.

*James O. Coates*, *Esq.*, for the petitioner.
*Paul A. Sebastian*, *Esq.*, for the respondent.

778

DISNEY: The question for our determination is whether the $6,500.94 capital gain realized, as stated in stipulation filed by counsel, is distributable to and taxable to the petitioner, William R. Todd, in the year 1937, as contended by the respondent and denied by the petitioner.

The determination of that issue is dependent primarily on the construction of Elizabeth Pogue Todd's will, the material and pertinent portions of which have been stated in our findings of fact. The burden is of course upon the petitioner. Many authorities have been cited and relied on in briefs of counsel, touching their respective contentions, and though we have considered them, we will not undertake to discuss them in detail.

(1) The respondent contends, and petitioner denies, that the will of Elizabeth Pogue Todd bestowed upon her husband, William R. Todd, an absolute title or fee to her property. A careful reading of the provisions of the will of the decedent and a proper construction thereof, we think, clearly disclose that it was not the purpose or intention of Mrs. Todd to give or devise and bequeath to her husband an absolute fee or title to her property. The will gives the husband, petitioner herein, only "a life estate and interest" in the decedent's estate, "he to have the income thereof for and during his life" with the "right and authority, in his absolute discretion, to use any part of the principal * * * for his support and maintenance or for the support and maintenance" of any of their children or their issue. The foregoing and other expressions in the will, in our opinion, indicate that decedent intended and expected that the principal of her estate would not be invaded or encroached upon by her husband, unless his support and maintenance or that of their children should require it.

The will gave the husband, William R. Todd, the right to deal with the decedent's estate as he might "in his absolute discretion deem best, and collect, recover, and receive the rents, issues, profits, dividends and income thereof, the same to be for his benefit during his life." That he was not by the will given an absolute fee in the property bequeathed and devised is also indicated by its provisions touching remainder interests in the fee after the life estate of the petitioner ended. The record shows the petitioner himself, although under the will given full power to deal with the estate property as in his absolute discretion he deemed best, subject to certain limitations imposed, as above indicated, recognized that he did not have an absolute fee thereto, which is indicated by the fact that he repaid to the estate all moneys withdrawn or advanced to him individually from the estate and not made as a distribution of income to him.

The respondent in support of his contention cites *In re McClelland's Estate*, 257 S. W. 808 (Mo.), and *National Surety Co.* v. *Jarrett*, 121 S. E. 291 (W. Va.). We consider those cases distinguishable from the instant case and not controlling herein, in view of the fact that it was evidently not the intent and purpose of Mrs. Todd, as expressed in her will, to give her husband an absolute fee to her property, since the right and power given her husband to invade the principal of the estate and make use of it as he deemed best were limited to certain purposes and objects set forth in the will, which clearly contemplated remainder interests in fee after the life estate of the petitioner should end. Furthermore, the decisions in the two cases appear not to be in accord with the law of Ohio, the situs of this matter, as decided by the Supreme Court of Ohio in *Johnson* v. *Johnson*, 51 Ohio St. 446; 38 N. E. 61, wherein a husband, after directing in his will that all his just debts, expenses of his last sickness, and funeral expenses be paid out of his estate, gave and devised to his wife "all the remainder" of his property, "with full power to bargain, sell, convey, exchange, or dispose of the same as she may think proper. But if, at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters and their children, if deceased." He appointed his wife executrix and desired that she might not be required to give bond.

The court held, in substance, as expressed in syllabus 2, as follows:

The widow under this will was, by implication, a *quasi trustee* for those in remainder, and the interest of the brothers and sisters of the testator, in the unconsumed property, was a vested right which could not be destroyed by the act of the widow in disposing of the property by gift to a third party, or otherwise than for her support or the benefit of the estate.

To the same effect, see *Baxter* v. *Bowyer*, 19 Ohio St. 490.

We hold that the petitioner took no absolute title or fee to the decedent's property, and that taxability of income to the petitioner can not be based upon that ground.

(2) The next question is whether, under section 161 (a) (2) and (3) and section 162 (b) of the Revenue Act of 1936,[1] the capital gains were

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\*     \*     \*     \*     \*     \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate.

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*     \*     \*     \*     \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year

"to be distributed currently" to the petitioner, and therefore taxable as income to him.

There is nothing in the will of Elizabeth Pogue Todd specifically directing, authorizing, or requiring that the capital gains of $6,500.94 included by respondent in petitioner's 1937 net income (which petitioner assigned as error) be currently distributed to the life beneficiary by the executor.

In *Commissioner* v. *First Trust & Deposit Co.*, 118 Fed. (2d) 449, affirming 41 B. T. A. 107, the court approvingly referred to the decision in *Commissioner* v. *Stearns*, 65 Fed. (2d) 371, stating that therein the court had said: " 'Income to be distributed currently' is income directed by a will or deed to be currently distributed and that the words presuppose a periodic duty on the part of the trustee. The situation here resembles that of an estate in the course of administration where the income pending settlement is returnable by the Executor and is not regarded as the income of legatees or next of kin. * * * In a case like the present, where no provision for periodic payments of income coming into the trustee's hands was made in the trust deed, the income was not to be imputed to the beneficiary either as credit allowable to the trustee in his account or otherwise." Certainly there is not, in the instant matter any provision for periodic payment of capital gains to the petitioner.

The petitioner contends, in sum, first, that the provisions of the will give him, under Ohio law, no right to capital gains, and, secondly, that if he has received them in anywise other than as executor, he holds them as fiduciary for remainderman, as is shown by his actions.

(a) Does the will confer upon the petitioner the right to capital gains? The text first and primarily grants "a life estate"; next, the petitioner is to have the "income for and during his life." After a provision for use of principal for support and maintenance of the husband, children or their issue (already considered, and not, we think, of great weight on the immediate question), it is provided, in short, that the husband may receive control of and sell the property in his discretion, and "collect, recover and receive the rents, issues, profits, dividends and income thereof, the same to be for his benefit during his life." The difference of opinion between the parties hereto hangs primarily upon the inclusion of the word "profits" in the language just quoted, the petitioner denying the respondent's view that such inclusion indicates that he is entitled to receive more than the ordinary income, that is, may receive, and is taxable upon, capital gain from sale

which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

of principal of the estate. We of course look to the law of Ohio for authority.

We find no Ohio cases and none has been cited us in which the exact words used in the decedent's will in the instant case have been interpreted by the Supreme Court of Ohio. However, that court, in the case of *Devenney* v. *Devenney*, 74 Ohio St. 96; 77 N. E. 688, said that the generally accepted rule of law respecting accretions is that:

* * * in the absence in the will of an expressed intent otherwise, the increase in the value of the corpus held by a trustee from natural causes is principal and not interest. As given approvingly in the opinion in Graham's Estate, 198 Pa. 216, 47 Atl. 1108, quoting from In re N. Y. L. I. & T. Co. (Sur.) 53 N. Y. Supp. 382: "The loss or gain in the value of securities purchased by the trustee in the exercise of his sound discretion should go to the diminution or accretion, as the case may be, of the capital, and not to the income, unless a contrary intention must be inferred from the trust instrument." The principal case above cited holds: "Where a trustee invests moneys of the trust estate in bonds, and subsequently sells the bonds at an advance, and invests the proceeds in other securities, the profit on the bonds is part of the principal of the estate and should be so held by the trustee."

Words in effect identical to those used in the will in the instant (Ohio) case have been used in wills in other states and therein have been held not to entitle a life beneficiary to receive capital gains.

In *Chase* v. *Union National Bank of Lowell*, 275 Mass. 503; 176 N. E. 508, the will read in part: "I give, devise, and bequeath * * * the sum of ten thousand dollars in trust, nevertheless, to be invested and to pay over to my daughter, Laura J. Chase, all the net income, proceeds and profits to her sole use, during the term of her natural life." The trustee invested the funds in various securities, some of which subsequently were sold at a gain. The court held that the gain constituted part of the corpus of the trust and belonged to the remaindermen, even though the will provided that the life beneficiary should receive "all the net income, proceeds and profits to her sole use." After reviewing various authorities, the court concluded:

The use of the words "net income, proceeds and profits" does not seem to indicate an intention that the trustee was expected to pay the beneficiary anything more than the net income of the trust property. They do not naturally mean that gains on the sale of the trust property or from the proceeds of the sale of rights were also to be paid to her. * * *

That the words "income and profits" ordinarily mean no more than "income" alone is supported by decisions in the following cases, in some of which it was held that profits from the sale of securities did not belong to the life beneficiary, but passed to the remaindermen as part of the corpus of the estate. *In re Eger's Will*, 247 N. Y. S. 527; 139 Misc. Rep. 59; *In re Baxter's Estate*, 297 N. Y. S. 885; 164 Misc. Rep. 183; *Stewart* v. *Phelps*, 75 N. Y. S. 526; 71 App. Div. 91; *Boardman* v. *Mansfield*, 79 Conn. 634; 66 Atl. 169; *Wood* v. *Davis*, 168 Ga. 504; 148

S. E. 330; *Fifty-Third Union Trust Co.* v. *Davis*, 55 Ohio App. 377; 10 N. E. (2d) 4. See also the American Law Institute, Restatement of the Law of Trusts, vol. 1, sec. 233, p. 691, wherein it is said:

> Where it is provided by the terms of the trust that the "income and profits" of the trust estate shall be paid to the life beneficiary, it is a question of interpretation whether the life beneficiary is to receive more than he would receive if it were provided that the "income" should be paid to him. Ordinarily the inference is that he is not to receive more, and if trust property is sold at a profit, the profit is principal.

In 17 Ruling Case Law, under the heading, "Rights, Duties and Liabilities of Life Tenant," this statement is made on page 632:

> 22. *Increase in Value of Estate.*—Any increase in the value of the principal fund during the existence of the life estate is as a rule the property of the remainderman and not of the life tenant. Thus, an increase in the value of securities while in the hands of the life tenant belongs to the remainderman, as does also a profit made by the purchase and sale of securities, and the same is true of an increase in the value of real estate.

The respondent on this particular question seems to rely in the main upon *Amy H. DuPuy*, 32 B. T. A. 969, where a will like that being interpreted here bequeathed a life estate and gave a right to "profits" as well as income, rents, and issues, during the life of the beneficiary, and we held that capital gains from the sale of securities were taxable as income to the beneficiary. Two considerations, however, seem to us to render that decision not applicable herein. First, the will there gave the "rents, issues, income and profits thereof" to the beneficiary "as her absolute property", while here the will provided that the petitioner could "collect, recover, and receive the * * * profits, dividends and income" "the same to be for his benefit during his life." It seems plain that a provision bequeathing profits as absolute property differs essentially from the one herein, giving right to "collect, recover, and receive" profits and have the benefit thereof during life, particularly where prior language granted a life estate and interest and "the income thereof for and during his life." On the facts we think the *DuPuy* case does not govern, and is not helpful on this point. Secondly, the *DuPuy* case arose in Pennsylvania and is rather carefully based upon the particular provisions of the law of that state, and they are somewhat peculiar and do not appear to be included in the law of Ohio. As pointed out in the *DuPuy* case, there is in Pennsylvania a rule, sometimes referred to as the "intact value" rule, under which, in case of securities passing by will, the value at the date of death is preserved intact as corpus, requiring apportionment between beneficiary and remainderman. It appears, moreover, that in that state the life tenant in case of such property as we have involved herein is not considered as a fiduciary for, but only the debtor of, the remainderman. In the light of the rule as

generally accepted in Ohio, as indicated in *Devenney* v. *Devenney*, *supra*, and the general tenor of the law on the subject as above set forth, it is obvious, we think, that the decision here can not safely be based upon the *DuPuy* case and the Pennsylvania law.

(b) The petitioner also contends, in effect, that the administration of the decedent's estate is still in existence, and that he holds the capital gains as fiduciary for the remainderman.

Counsel for the respective parties are in accord on the proposition that there is no difference as to the applicability of the provisions of section 162 (b) of the Revenue Act of 1936 to trusts and to estates during the period of administration or settlement thereof.

The petitioner, as executor of the Elizabeth Pogue Todd estate, maintained but one bank account, in which both ordinary and capital income were deposited and intermingled. The record, however, shows, and it is so stipulated, that the capital gain was not distributed to him nor withdrawn by him in the taxable year. The fact that he did not actually receive and appropriate it to his own use in 1937, however, is not important, if it was, in fact, then currently distributable to him and he was entitled to receive it. Under such circumstances he would be taxable with it. *Freuler* v. *Helvering*, 291 U. S. 35.

Regulations 94, article 162–1 (3), provides in part:

 \* \* \* The period of administration or settlement of the estate is the period required by the executor or administrator to perform the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies. It is the time actually required for this purpose, whether longer or shorter than the period specified in the local statute for the settlement of estates. If an executor, who is also named as trustee, fails to obtain his discharge as executor, the period of administration continues up to the time when the duties of administration are complete and he actually assumed his duties as trustee, whether pursuant to an order of the court or not. \* \* \*

We have here a situation in which the will of the decedent gave her husband not only a life estate and interest in all her property and "income thereof for and during his life", but appointed him executor of her will and directed that no bond be required of him, and stated therein, as heretofore set out: "He shall have the right to make such investments and reinvestments as he deems fit or proper and shall not be subject to the control of any court or of any other person or authority, for the exercise of his judgment and discretion in this respect."

During the few years usually required for the "administration or settlement" of an estate, one serving simply as executor ordinarily does not make "investments and reinvestments." In the circumstances of the instant case, the fact that the will did not specifically designate William R. Todd trustee as well as executor is not material, in our opinion, since the provisions of the will itself imposed fiduciary duties upon him which he accepted and discharged in the handling

and investing of the funds of the estate, etc., as indicated in our findings of fact.

Article 162–1 (3) of Regulations 94, *supra*, implies that an executor who is also named as trustee may, after completing his duties of administration and without obtaining his discharge as executor, actually assume his duties as trustee, whether pursuant to an order of court or not. The record shows that the estate of Elizabeth Pogue Todd, deceased, has never been closed, but, from the time of his appointment as executor to the date of the hearing herein, William R. Todd, acting under the power and authority given him in the will of Elizabeth Pogue Todd, has had in his possession and control all the assets of her estate and has dealt with them not simply as a life tenant or beneficiary, but also as a fiduciary or trustee. The provisions of the will of Mrs. Todd, in our opinion, make necessary the existence of a fiduciary or trustee to carry them out.

After consideration of the will and in particular the fact that it first granted a life estate, secondly, granted the income therefrom during life, and, thirdly, instead of making a bequest of profits as absolute property, only provided for the collection, recovery, and receipt of profits, with income, for benefit during life, and remembering the doctrine of *ejusdem generis*, impelling us to believe that the word "profits" was not intended to be in a different category from ordinary "income", we come to the conclusion and hold that, fairly interpreted under the law of Ohio, the will of Elizabeth Pogue Todd did not grant to the petitioner the right to capital gains as income. Considering further the provisions of the will, the manner in which the estate has been administered by the petitioner as affording some light by way of construction of the instrument by a party interested, and the regulations, we come to the conclusion and hold that the petitioner was in the taxable year in a fiduciary position with reference to the remaindermen, and that he did not receive as his individual income the capital gains involved herein, but that they remained part of the principal of the estate. We therefore hold that the respondent erred in including in petitioner's income the $6,500.94 capital gains herein involved.

*Decision will be entered under Rule 50.*