**Juliette G. WEIL**
v.
**UNITED STATES.**
No. 219–57.

United States Court of Claims.
Jan. 20, 1960.

---

John P. Allison, New York City, for plaintiff. Marshall, Bratter, Greene, Allison & Tucker, New York City, were on the brief.

Harold S. Larsen, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., were on the brief.

JONES, Chief Judge.

The plaintiff in this action seeks to recover Federal income taxes for the years 1952 through 1955. The issue involved here is whether the plaintiff, as a life tenant under the will of her deceased husband, is taxable, either as an individual or as a fiduciary, on the capital gains realized from the sale of the securities held by her as a life tenant.

All material facts have been stipulated. The plaintiff is the surviving spouse of Lawrence W. Weil, who died on March 20, 1937, domiciled in the State of Alabama, leaving a will which was probated in the Probate Court of the County of Montgomery, Alabama.

The will directed that the entire residuary estate be bequeathed to plaintiff for life with the contingent remainders to their children.

The will further provided:

"During the life of my wife, Juliette Weil, she shall have possession and control of my entire estate and shall be entitled to the entire income therefrom, and should she find it necessary for her comfortable maintenance and support to use any part of the corpus of said estate, she shall have the full right to do so. She shall have the right to collect any or all indebtedness of any kind that may be due to my estate and shall also have the right, in her absolute discretion, to sell, mortgage, pledge or dispose of all or any part of said estate, real, personal or mixed, for such amount and on such terms and in any manner that she may see fit. Any amounts collected by her, however, from any indebtedness due my estate or from the sale of all or any part of my estate shall be reinvested by her either in real or personal property of any kind and in her discretion, such reinvestments to take the place of and stand as a substitute for the amounts collected by her or for the assets of the estate sold by her. Any purchaser from her, however, shall not be responsible for the proper reimvestment [sic] of the funds."

All of the property devised and bequeathed by the will of Lawrence W. Weil was distributed during 1939 and the administration of the estate was concluded in that year. A decree of the probate court, after reciting "that all the securities listed * * * [in the decree] were bequeathed to Juliette G. Weil for life, with the power of selling such securities as she should think best," ordered that such securities "be transferred to Juliette G. Weil as life tenant under the will of Lawrence W. Weil, deceased."

On May 17, 1949, the plaintiff executed a document whereby she relinquished the right accorded her by the will to use any part of the corpus of the estate for her comfortable maintenance and support.

She reserved, however, all other rights and interests vested in her by the will.

During the calendar years 1952–1955, inclusive, the plaintiff sold various securities held by her as life tenant, pursuant to authority granted under the will. Net capital gains were realized on these sales during each of the several years involved. These securities which had been sold had either been distributed to the plaintiff under the decree of the probate court or had been acquired by reason of reinvestment of the proceeds of the sale of securities so distributed.

All the securities owned by the plaintiff as life tenant during the years in question, including the securities on which the capital gain was realized, were in the custody of an investment firm in an account which was maintained in the name of the plaintiff as life tenant. All such securities were registered in a "street" name.

The net capital gains realized from the sale of the securities were reported on income tax returns for the years 1952–1955 by plaintiff and filed in the name of the Estate of Lawrence W. Weil. All the taxes paid were attributable to the capital gains realized on the sale of the securities held by the plaintiff as life tenant. The plaintiff filed claims for refund of these taxes on the ground that she is not taxable either as an individual or as a fiduciary on capital gains realized from the sale of securities held by her as a life tenant. The claims for the years 1952, 1953, and 1955 were rejected by the Commissioner of Internal Revenue. No action has been taken by the Commissioner with respect to the refund claimed for the year 1954.

[1, 2] We shall examine first the Government's somewhat equivocal contention that the plaintiff is taxable in her individual capacity, and its underlying premise that the capital gain should be treated as the plaintiff's income. In taxing the income "of every individual" (Int.Rev.Code of 1939, §§ 11, 12, 26 U.S.C.A. §§ 11, 12) the Congress taxes the owner of the income.[1] The concept of

---

1. Poe v. Seaborn, 1930, 282 U.S. 101, 109, 51 S.Ct. 58, 75 L.Ed. 239.

ownership for income tax purposes is of course broader than at common law,[2] but the control exercised by the plaintiff over the property held in the life tenancy cannot fairly be equated with ownership.

Although plaintiff is entitled to "the entire income" from the residuary estate for life, this "income," under the terms of the will, does not include gains realized on the sale of the assets. Her only interest in capital gains was a right to the income from their reinvestment.[3] Unquestionably, the plaintiff might derive some economic benefit from the capital gains realized on the sale of the securities.[4] The benefit however, is necessarily limited to the possible increase in ordinary income resulting from the increase in the value of the corpus.

▮ Furthermore, the plaintiff could not bequeath the property held as life tenant. We therefore hold that the capital gains in question were not income to the plaintiff in her individual capacity.[5]

The alternative question presented is whether the plaintiff is required to pay a tax on the gain as a fiduciary of a trust. Section 161(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 161(a) (1) (now Internal Revenue Code of 1954, § 641(a) (1), 26 U.S.C.A. § 641(a) (1) provides:

Sec. 161. "Imposition of Tax.

"(a) Application of tax.—The taxes imposed by this chapter upon individuals shall apply to the taxable income of estates or of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust."

Section 142 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 142 requires returns from every fiduciary[6] (except a receiver appointed by authority of law in possession of part only of the property of an individual), and section 3797 (a) (6)[7] defines the term "fiduciary" to mean a guardian, trustee, executor, administrator, receiver, conservator, "or any person acting in any fiduciary capacity for any person."

In Helvering v. Butterworth, 1933, 290 U.S. 365, 369, 54 S.Ct. 221, 222, 78 L.Ed. 365, the Supreme Court stated that

"The evident general purpose of the statute [43 Stat. 275 (1924) (the predecessor of Int.Rev.Code of 1939, § 161)] was to tax in some way the whole income of all trust estates. * * * Certainly, Congress did not intend any income from a trust should escape taxation unless definitely exempted."

The question, then, is whether there is a trust within the meaning of section 161. Our approach to this issue is influenced by the repeated dictum of the Supreme Court that there is a "legislative design to reach all gain constitutionally taxable unless specifically excluded." General American Investors Co. v. Commissioner, 1955, 348 U.S. 434, 436, 75 S.Ct. 478, 479, 99 L.Ed. 504.

---

2. See Helvering v. Clifford, 1940, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

3. We are not called upon to determine what might have been the tax consequences had the plaintiff failed to release her power to invade the corpus of the estate prior to the realization of the capital gains in question.

4. "[T]axation is not so much concerned with the refinements of title as it is with actual command over the property taxed —the actual benefit for which the tax is paid." Corliss v. Bowers, 1930, 281 U.S. 376, 377–378, 50 S.Ct. 336, 74 L. Ed. 916. See also Burnet v. Wells, 1933,

289 U.S. 670, 677–678, 53 S.Ct. 761, 77 L.Ed. 1439.

5. See William R. Todd, 1941, 44 B.T.A. 776; United States v. Cooke, 9 Cir., 1955, 228 F.2d 667.

6. Sections 6012(a) and (b) and 6065 (a) of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 6012(a, b), 6065(a) contain similar requirements.

7. Internal Revenue Code of 1939, § 3797 (a) (6), 26 U.S.C.A. § 3797(a) (6), was reenacted as § 7701(a) (6) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7701(a) (6).

■ The plaintiff urges that the phrase "property held in trust" in section 161 refers to a technical trust, and that the relationship between the life tenant and the remaindermen in the case at bar does not meet the requirements of a technical trust under applicable state law.[8] We believe that plaintiff's interpretation is too narrow, and that the statute refers, instead, to relationships which are "clothed with the characteristics of a trust."[9]

It is evident that had a life interest been given to a technical trustee to be administered by him for the benefit of the plaintiff with contingent remainders over to the children of the deceased the gain involved here would have been taxable to the fiduciary. However, "in such case the relations between the trustee of a life interest only and the owners of succeeding future interests are identical to the relations between an ordinary legal life tenant and the owners of succeeding future interests. The trust character of the first holding has significance as between the trustee and the person entitled to beneficial life interest but cannot regulate the relations between the trustee and the persons entitled to the succeeding legal interests." Restatement, Property, § 202, comment *d* (1936).

In light of this we believe that the taxability of the gains involved here should depend, not on whether there is a separation of the legal and equitable interests in the life estate, but on the relationship between the holder of the life interest and the owners of the succeeding future interests.

■ Under applicable state law the legal life tenant and the trustee of a life interest only have the same fiduciary obligation toward the owners of succeeding future interests. They cannot appropriate the principal to themselves or intentionally injure the remaindermen by the way in which they use the property. And a court of equity may require a life tenant to safeguard the remainderman's interest by giving security for property in his possession. Frye v. Community Chest of Birmingham and Jefferson Co., 1941, 241 Ala. 591, 4 So.2d 140. See also Restatement, Property, § 202, comment *d* (1936).

It is in this sense that the plaintiff (as well as a technical trustee for a life interest only) is the fiduciary of "property held in trust" within the meaning of section 161.[10]

We therefore hold that the income involved in this case is taxable under section 161 as the income of "property held in trust" and that the plaintiff was required to pay the tax in her capacity as a fiduciary.[11]

The plaintiff is not entitled to recover and the petition is dismissed.

It is so ordered.

BARKSDALE, District Judge, sitting by designation, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.

8. Linenthal v. Birmingham, Trust & Savings Co., 1947, 249 Ala. 631, 32 So.2d 368, 175 A.L.R. 1426.

9. Ferguson v. Forstmann, 3 Cir., 1928, 25 F.2d 47, 49; see also Hart v. Commissioner, 1 Cir., 1932, 54 F.2d 848; Commissioner of Internal Revenue v. Owens, 10 Cir., 1935, 78 F.2d 768, 773.

10. The Treasury Regulations 118, promulgated under the Internal Revenue Code of 1939, § 39.3797-3, definition of a trust purports only to distinguish between an ordinary trust and a trust which is an association taxable as a corporation, and is therefore not applicable here. Moreover, the fiduciary obligation of the life tenant and the trustee of a life interest only is enforceable in a tribunal exercising equitable jurisdiction and with the procedures characteristic of equity. Frye v. Community Chest of Birmingham and Jefferson Co., 1941, 241 Ala. 591, 4 So.2d 140; see also Restatement, Property, § 202, comment *g* (1936).

11. We have examined the case of United States v. Cooke, 9 Cir., 1955, 228 F.2d 667, but must respectfully disagree with its interpretation of section 161.