Mr. and Mrs. J. D. ROBINSON, Jr.,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 6724.

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 20, 1961.

Moise, Post & Gardner, Atlanta, Ga., for plaintiff.

Charles D. Read, Jr., U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for Government.

HOOPER, Chief Judge.

Plaintiffs in this case are J. D. Robinson, Jr. and his wife (formerly Josephine Crawford). As they filed a joint return as husband and wife for the year 1952 this action for refund of income taxes is brought by both of them. As Mrs. Robinson however, is the one primarily concerned in this controversy, she will be herein referred to as the plaintiff.

Motions for summary judgment have been filed in this case by plaintiffs and by the Government, and the facts are not in dispute.

Plaintiff sues for a refund of taxes in the sum of $39,756.76 based upon the capital gain in the sum of $152,910.64 arising from the sale in 1952 of property devised under the will of J. D. Rhodes, now deceased. The entire fee simple title to the property was sold by the plaintiff under powers of sale contained in the will, giving her the right to sell the same for reinvestment, retaining the proceeds under the same terms and conditions as pertain to the real estate. Plaintiff was devised a life estate in the property, to be delivered to her upon reaching the age of forty years. In addition to the right to manage and control the property during her lifetime, she was given the right to sell the property at private sale and without any order of court, to hold the proceeds of the sale subject to the remaining interests in the property. The will provided that at the termination of the life estate which she took, the property should then pass "to her child or children, and/or descendants of deceased's child or children" share and share alike, but in case she should die without child or children (or descendants of deceased's child or children) the property should go to testator's nephew Albert Rhodes Perdue, if then living, and if not living, to his heirs at law. The capital gain in question was contained in the joint return filed by plaintiffs. By agreement between all parties the issuance of an assessment for the tax was waived, the facts were stipulated, and an agreement made that the Court might determine the rights of the parties to the case.

(1) The controlling question of law is whether or not the capital gain in question is taxable to the plaintiff under the provisions of 26 U.S.C.A. § 161, reading in part as follows:

"The taxes imposed by this chapter upon individuals shall apply to the income of estates or of any kind

of property held in trust, including income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust."

This question has been presented to several courts and the overwhelming weight of authority is to the effect that the plaintiff in this case is liable, as a quasi trustee or as the fiduciary of a trust under the aforesaid statute.

While a contrary ruling was made by the Ninth Circuit Court of Appeals in the case of United States v. Cooke, 228 F.2d 667, that court subsequently made a contrary ruling in the case of United States v. De Bonchamps, 278 F.2d 127.[1]

Similar rulings have also been made by other judges. See Weil v. United States, Ct.Cl., 180 F.Supp. 407; Security First National Bank v. United States of America, D.C.S.D.Cal., 181 F.Supp. 911.

While this Court is following the above cited cases it does so with a great deal of hesitancy, for there are certain considerations that weigh heavily upon the side of a contrary view.

As pointed out by Judge Jertberg of the Ninth Circuit Court of Appeals in United States v. De Bonchamps, supra, 278 F.2d at page 134, there is pending before Congress House Resolution No. 9662 designed to clarify the statute here under consideration so that the term "trust" therein will not be confined to ordinary or technical trusts, which contemplate the legal title being vested in the trustee, with the beneficial interest in another person. Counsel for plaintiff herein properly insist that the pendency of said bill in Congress should be given due consideration upon the matter of interpretation of the statute as it now stands, citing the case of National Labor Relations Board v. Drivers, Chauffeurs, Helpers, Local Union No. 639, 362 U. S. 274, 80 S.Ct. 706, 4 L.Ed.2d 710, and a decision by the Georgia Court of Appeals in Cadle v. State, 101 Ga.App. 175, 113 S.E.2d 180.

It might be argued very logically that when the plaintiff herein sold the property in question under powers contained in the will she sold two separate and distinct legal estates, one being a legal life estate with which she was vested with title, and also a remainder interest in the property,[2] and that the capital gain tax should be apportioned pursuant to Income Tax Regulation Sec. 1.0114–5 as between the estate of the life tenant and the remainderman.[3]

This Court does not subscribe to the theory, however, that under Georgia law a life tenant is in any sense a trustee for a remainderman, unless there are special circumstances requiring such a ruling. As stated by Chief Justice Bleckley of the Georgia Supreme Court:

"A tenant for life and a remainderman are not even privies in estate, nor is the former a trustee for the latter." Sanford v. Sanford, 55 Ga. 527, at page 531.[4]

Another phase of the case that might cast some doubt upon the construction

1. The instant case does not involve many factors discussed in the above cited cases and other cases cited herein involving the nature of the estate taken by the life tenant or the remaindermen, including right to encroach upon the corpus for living expenses, etc.

2. In United States v. De Bonchamps, supra, the amount of tax liability was broken down into separate sums, one sum pertaining to the owner and the other sum pertaining to the taxpayer as fiduciary (278 F.2d 128, footnote 1).

3. The devise in question to the plaintiff for life with remainder to such children as might survive her has been held to give a life estate to the mother and a vested remainder to such children as might then be in life, same to open up for any children thereafter born and subject to be divested as to any child who might die before the life tenant dies. Fields v. Lewis, 118 Ga. 573, 45 S.E. 437.

4. The element of trust (or, more properly, of a fiduciary relationship) exists

of the tax statute in question is this: An ordinary or technical trustee is vested with title and therefore when any lien for taxes is sought to be enforced against the trust estate the trustee is the only necessary party. Where, however, the trustee is only a life tenant and possesses only a power from the testator to sell also the remainder interest, it could well be argued that legal notice should be given to all parties vested with title to the remainder interests, though they were not yet entitled to possession thereof.

The above questions are not raised in this case by anyone except the Court, for the reason that plaintiff seeks to recover the entire amount of taxes paid, and the Government seeks to retain all of it. While the ruling herein made demands a judgment in favor of the Government, other contentions made by plaintiff's counsel will be considered.

(2) Able counsel for the plaintiff taxpayer insists that "a life tenant as such does not owe any tax upon such a capital gain unless she can be made into something else by operation of law; that is to say, unless she can be made into a trustee or a guardian, then she is entitled to a judgment in her favor." It is contended that although plaintiff as life tenant would be liable for rents received from the life estate, nevertheless she could not be chargeable with the tax on the capital gain from the sale thereof for the reason that it would have to be reinvested by her and when the reinvestment was made she would only have a life interest in such replacement. In support of this contention plaintiff cites Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Hoeper v. Tax Commission of Wisconsin, 284 U.S. 206, 52 S.Ct. 120, 76 L.Ed. 248, and Blair v.

Commissioner of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. None of these cases, however, demand the ruling requested, particularly in view of the ruling made in the first division of this opinion.

It is true that the will provides that if the life tenant should sell the property at private sale she should hold the proceeds of such sale subject to the remaining interests set forth in the will. That means she would hold together all the proceeds of the sale, enjoy the income on the same for life, after which the corpus would pass to the remaindermen. The income taxes on the capital gain, however, would be paid by her out of the proceeds of the sale, and would come out of the increment earned by the property itself between the death of the testator and the date of sale, and the payment of the same out of the corpus would cause an automatic adjustment between the life tenant and the remaindermen.

Neither can this Court adopt the contention of plaintiff's counsel that the capital gain on the property in question should not be determined until the property has come into the possession of the remaindermen and is subsequently sold by them.[5] The plaintiff as life tenant with powers to sell and reinvest may not reinvest all the proceeds of this sale in one piece of property, but may reinvest in various properties, in which event such reinvestment would take a new base for purposes of capital gain, and if later resold another capital gain or loss could be computed thereon.

Counsel for the Government is directed within twenty days hereof to present a judgment in accordance with this opinion.

---

here by virtue of the funds in the hands of the life tenant, arising from the sale in question.

5. On this question plaintiff's counsel cited United States v. Cooke, 9 Cir., 228 F.2d

667, see page 670; Helvering v. Reynolds, 313 U.S. 428, 61 S.Ct. 971, 85 L. Ed. 1438; Augustus v. Commissioner, 6 Cir., 118 F.2d 38 and Van Vranken v. Helvering, 2 Cir., 115 F.2d 709.