**Rebekah Watters WEST, Fiduciary**

v.

**UNITED STATES of America.**
**Civ. A. No. 11427.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 7, 1970.

---

Henry J. Fullbright, Jr., Rome, Ga., for plaintiff.

Johnnie M. Walters, Asst. Atty. Gen., Myron C. Baum, Donald B. Craven, Attys., Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

SIDNEY O. SMITH, JR., Chief Judge.

This is an action seeking the recovery of federal income taxes assessed against plaintiff in her alleged capacity as a fiduciary. The case was presented to the court on stipulations of fact filed by the parties with the ruling to apply in the companion cases, number 11,428 and 11,429, involving taxpayers of the same family in the same legal position.

Severely capsulated, the stipulated facts reveal that plaintiff here is a legal life tenant under a Georgia deed to real estate from her father in 1934, with remainder to her children or other contingent remaindermen. In 1951, she sold growing timber off of the real estate for $11,750.00. She reported the sale as a capital gain on her individual tax return. In 1963, the government assessed the taxes in question, contending that the capital gain should have been reported by her in a fiduciary capacity (although the net rates up to 25% would normally be higher for an individual). Following denial of the claim for refund, this suit was filed.

The question presented is whether, under the circumstances, the life tenant is liable for taxes in a fiduciary capacity under Section 161(a) of the Internal Revenue Code of 1939?

In trust matters, the whole thrust of the tax statutes is to set up safeguards against the flow of taxable income from an individual into the frequently lower tax brackets of a fiduciary, or to prevent situations where by some such arrangement income escapes taxation altogether. Previously, when the latter position has been taken the government has unhesitatingly urged that the gain (under similar circumstances) be taxable to the life tenant individually. See United States v. DeBonchamps, 278 F.2d 127 (9th Cir. 1960); Weil v. United States, 180 F.Supp. 407, 148 Ct.Cl. 681 (1960). Also, the sale of a life interest has traditionally been viewed as a taxable gain to the life tenant personally. *E.g.* Allen v. First National Bank & Trust Co., 157 F.2d 592 (5th Cir. 1946); Bell's Estate v. Commissioner of Internal Revenue, 137 F.2d 454 (8th Cir. 1943); Estate of Camden v. Commissioner of Internal Revenue, 139 F.2d 697 (6th Cir. 1943). As recently as 1962, almost concurrently with this assessment the government successfully urged that individual liability for the capital gain was to be required over fiduciary liability. Hirschmann v. United States, 202 F.Supp. 722 (S.D.N.Y.1962), aff'd 309 F.2d 104 (2d Cir. 1962).

Yet here, after the statute for assessment on the individual return has expired, the government belatedly asserts that it is unlawful to make the capital gains return on an individual basis, but that it *must* be returned on a fiduciary basis. Such an inconsistent position ought to be untenable.

The question initially, of course, is one for the construction of state law. Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585 (1940); Cotnam v. Commissioner of Internal Revenue, 263 F.2d 119 (5th Cir. 1959). In that respect, it is clear in Georgia that a legal life tenant does not bear any fiduciary relationship toward the remaindermen. It is true that a life tenant in Georgia cannot commit waste, but this does not mean that any proceeds from such waste constitute trust funds. Thus, "While a life-tenant owes to a remainderman the duty of ordinary care to protect and preserve the property (citations), they are not in privity with each other, since they hold different estates in the same property, and the former is not a trustee for the latter (citations). Where the

owner of a life-tenancy in real estate commits a waste by selling the timber thereon and causing the same to be removed, to the permanent injury of the estate, such conduct amounts to a tort for which the remainderman may sue immediately to recover damages. In such case the life-tenant does not hold the proceeds under an implied or resulting trust in favor of the remainderman, but is liable as a tort-feasor, and under the statute of limitations the cause of action is barred in four years. (Citations)." Lazenby, Adm. v. Ware, 178 Ga. 463, 173 S.E. 86 (1933). Moreover, in Georgia, the life tenant's control over growing timber is almost absolute under Georgia Code § 85–604 and it is almost impossible to prove any waste by normal cutting. See Fort v. Fort, 223 Ga. 400, 156 S.E.2d 23 (1967) and cases cited therein at 406, 407.[1] From those authorities it is concluded that the life tenant here in cutting the timber in 1951 acted in law and in fact in her individual capacity and not as a trustee.[2]

The government, however, relies upon cases arising under other facts wherein the courts concluded that, for tax purposes, any sale of corpus by a life tenant made the gain taxable as a fiduciary. However, examination reveals that such rulings occurred when the claim was made that the gain was not taxable in *either* capacity. *E.g.* Robinson v. United States, 192 F.Supp. 253 (N.D.Ga.1961) (testamentary life tenant with provision that upon sale proceeds should be held for remainderman, creating quasi-trust); Weil v. United States, 180 F. Supp. 407, 148 Ct.Cl. 681 (1960) (sale of securities with right to invade corpus having been relinquished); United

States v. DeBonchamps, 278 F.2d 127 (9th Cir. 1960) (life tenant characterized as quasi-trustee by state court). In each of such cases, the courts sought to close a loophole which would permit complete avoidance or delay of any tax on the gain.

Not so here. The taxpayer here filed an individual return upon which an assessment could have been made, and the gain was "taxable in the hands of the life tenant" and not "tax exempt."

In any event, the doubt should be resolved in favor of a taxpayer. *E.g.* Frost Lumber Industries v. Commissioner of Internal Revenue, 128 F.2d 693 (5th Cir. 1942); Tandy Leather Company v. United States, 347 F.2d 693 (5th Cir. 1965).

"The dominant purpose of the revenue laws is the taxation of income to those who earn or otherwise create the right to receive it and enjoy the benefit of it when paid." Helvering v. Horst, 311 U. S. 112, 61 S.Ct. 144, 85 L.Ed. 75 (1940). In all its practical aspects, the plaintiff here in her individual capacity obtained the proceeds of the timber with the right to receive and enjoy it when paid in 1951.

 It is therefore concluded that, in the sale of growing timber in Georgia, a naked life tenant acts in his individual capacity and is liable for any tax thereon. It follows that he is not liable in a fiduciary capacity under Section 161(a) of the Internal Revenue Code of 1939.

An appropriate judgment may be presented by government counsel.

It is so ordered.

---

1. The outright sale of realty or securities would, on the other hand, obviously constitute waste.

2. In essence, she exercises "unfettered control" over growing timber in Georgia, and experiences "realizable economic gain" from its sale. Cf. the leading trust cases of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788 (1940); Mallinckrodt v. Nunan, 146 F.2d 1 (8th Cir. 1945).