ESTATE OF HELEN BARROW BERGER, DECEASED, VICTOR L. BERGER, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Berger v. Commissioner
Docket No. 10433-88
United States Tax Court
T.C. Memo 1990-554; 1990 Tax Ct. Memo LEXIS 626; 60 T.C.M. (CCH) 1079; T.C.M. (RIA) 90554; October 24, 1990, Filed *626 Decision will be entered under Rule 155. Terry E. Eckhardt, for the petitioner. Darrell C. Weaver, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM OPINION Respondent determined a deficiency in the Federal income tax of the Estate of Helen Barrow Berger in the amount of $ 15,351.53 for the year 1982. The issues are (1) whether petitioner is an estate or a trust for Federal income tax purposes; and (2) whether petitioner is entitled to a charitable *628 deduction under either section 170 or 642(c) for the portion of a capital gain ultimately designated for charities. All section references are to the Internal Revenue Code of 1954 for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case was submitted without trial in accordance with the provisions of Rule 122. Petitioner is the Estate of Helen Barrow Berger (petitioner or estate). Helen Barrow Berger (decedent) died on November 1, 1976. The executor of decedent's estate, Victor L. Berger (Berger), was a resident of Gibson City, Illinois at the time the petition was filed. Decedent was married to Berger, and in her will, which was executed on October 18, 1976, she left him her car, the farm on which the couple had made their home, and a life estate in the residue of her estate. The residue consisted of a number of assets, including a second farm, securities, and bank accounts. The will authorized Berger to sell any real estate in the residue and invest the proceeds in investments similar to those held by decedent during her lifetime, such as certificates of deposit and savings accounts. The will provided that on Berger's *629 death, the residue was to be liquidated and distributed as follows: 45 percent to various relatives; 20 percent to Catholic Charities of the Roman Catholic Diocese of Joliet, Illinois; 25 percent to Our Lady of Lourdes Roman Catholic Church of Gibson City, Illinois; and 10 percent to the Missionaries of Our Lady of Lasalette of Olivet, Illinois. The will was admitted to probate on December 7, 1976, and Letters of Office as executor were granted to Berger. Berger filed a probate inventory, which included the second farm. On May 17, 1977, the court granted Berger possession of all realty of the estate. On August 1, 1978, an Order Approving First Account and Report for the estate was entered. In the order, the court found that all assets had been collected, the Illinois inheritance tax and Federal estate tax had been paid, no personal property taxes were due, no claims had been filed against the estate, and all bequests payable by reason of decedent's death had been paid. The order excused the executor from further accounting if he filed periodic reports. In the event that the second farm was sold, Berger was required to file a new bond. At the time this case was submitted, the *630 probate proceeding in Illinois state court had not been closed. On February 17, 1982, Berger sold the second farm that was part of the residue of the estate for $ 354,000. This sale resulted in a capital gain of $ 140,650.50, which petitioner reported on its 1982 Federal fiduciary income tax return. The return claimed a charitable deduction of $ 30,943.11, representing 55 percent of the capital gain (after the gain was reduced by the long-term capital gain deduction). The proceeds from the sale of the second farm were deposited in bank accounts, the income from which has been distributed to Berger. The basic question for consideration is whether petitioner is entitled to a deduction for the taxable portion of the capital gain realized on the sale of the second farm which is permanently set aside for charities under the terms of decedent's will. A brief discussion of the statutory framework of the relevant sections of the Internal Revenue Code will set the stage for our considerations. Charitable deductions are allowed under sections 170 and 642(c) of the Internal Revenue Code *631 . Section 170 provides for deductions for charitable contributions by individuals and corporations, and the provisions of section 170 do not apply to contributions by estates or trusts. Sec. 1.170A-1(h)(1), Income Tax Regs.Section 642(c) relates to deductions for amounts paid or permanently set aside for charitable purposes by estates or certain trusts specifically described in section 642(c). Section 642(c)(1) relates to amounts of gross income actually paid during the taxable year by an estate or trust and specifically provides that a deduction is "in lieu of the deduction allowed by section 170(a)." Section 642(c)(2) allows a deduction for any amount of gross income permanently set aside by an estate or by, generally, a trust created on or before October 9, 1969. If a trust does not meet the requirements of section 642(c)(2), then the trust will receive no deduction under section 642(c) for amounts of gross income permanently set aside for charities. Such a post-October 9, 1969, trust must then look to section 664, and if it qualifies as a charitable remainder *632 annuity trust or a charitable remainder unitrust under section 664(d), it will be exempt from income taxes under section 664(c). If the trust is exempt, gross income is not taxable and, therefore, deductions for any amounts of gross income permanently set aside for charities become academic. In summary, an estate will get a deduction for any amount of gross income paid under section 642(c)(1) or for any such amounts permanently set aside for charities under section 642(c)(2). A trust which is not exempt under section 664 will get a deduction for amounts of gross income paid during the taxable year or, in the limited cases of pre-October 9, 1969 trusts, for amounts permanently set aside. If a trust does not qualify as a pre-October 9, 1969, trust under section 642(c)(2), it will get relief for amounts permanently set aside only if it qualifies for tax exemption under section 664 as an annuity trust or a unitrust. Thus, deductions for amounts of gross income permanently set aside for charity are effectively disallowed except for the limited pre-October 9, 1969 exception. With that background *633 in mind, we return to the facts before us to see whether there is any basis for a deduction by petitioner for the taxable portion of the capital gain realized on the sale of the second farm, which is permanently set aside for charities. We first address whether petitioner is an estate or a trust for Federal income tax purposes. Section 1.641(b)-3(a), Income Tax Regs, provides: The income of an estate * * * is that which is received by the estate during the period of administration * * *. The period of administration * * * is the period actually required by the * * * executor to perform the ordinary duties of administration, such as the collection of assets and the payment of debts, taxes, legacies, and bequests * * * the period of administration * * * cannot be unduly prolonged. If the administration of an estate is unreasonably prolonged, the estate is considered terminated for Federal income tax purposes * * * Whether the administration of an estate *634 has been unduly prolonged is a question of fact. If the estate has been essentially fully administered, the residuary bequest, including a bequest in the form of a legal life estate with remainder, will continue as a trust for Federal tax purposes. United States v. De Bonchamps, 278 F.2d 127, 133 (9th Cir. 1960); Weil v. United States, 148 Ct. Cl. 681, 688, 180 F.Supp. 407 (1960); Estate of Johnson v. Commissioner, 88 T.C. 225, 233-234 (1987), affd. 838 F.2d 1202 (2d Cir. 1987); Old Virginia Brick Co. v. Commissioner, 44 T.C. 724, 729-730 (1965), affd. 367 F.2d 276 (4th Cir. 1966); see also Grimm v. Commissioner, 43 T.C. 623, 626 (1965). Petitioner contends that it is an estate, while respondent asserts petitioner should be treated as a trust. We agree with respondent. On August 1, 1978, an Order Approving First Account and Report for the estate was entered. By such date all assets had been collected, all taxes, debts, and bequests payable by reason of decedent's death had been paid, a Federal estate tax return had been filed, and the estate tax paid. The *635 residue of the estate had not been formally distributed to Berger as trustee by or during 1982, but this is not sufficient to keep the estate open for Federal income tax purposes. The remainder interests did not require estate administration, such as the collection of assets and payment of debts, taxes, and legacies, but rather any administration necessary was in the nature of trust administration. We hold that the estate was terminated for Federal income tax purposes prior to 1982, and that during 1982 petitioner was a trust for Federal income tax purposes. We will next consider whether petitioner is entitled to a deduction under section 170(a). As already noted above, section 170 provides for deductions for charitable contributions by individuals and corporations and does not apply to contributions by trusts or estates. The Internal Revenue Code deals with deductions for charitable contributions by estates and trusts in section 642(c). O'Bryan v. Commissioner, 75 T.C. 304, 309 (1980); see also S. Rept. no. 83-1622, at 82 (1954). Thus, section 170 is inapplicable to the present case without regard to whether petitioner is an estate or a trust, and petitioner *636 is not entitled to a deduction under that section. We next turn to section 642(c) as it applies to trusts, since we have concluded that petitioner is a trust for tax purposes. Since no amount was paid to a charitable beneficiary during 1982, section 642(c)(1) does not apply, and no deduction is allowable under that section. Section 642(c)(2) applies only to trusts which were created on or before October 9, 1969, or established by a will executed on or before October 9, 1969. In the instant case, the trust was established by a will executed on October 18, 1976, and decedent died on November 1, 1976. Both dates are well after the cutoff date set forth in section 642(c)(2)(A) and (B), and hence petitioner is not entitled to a deduction under section 642(c)(2) for any amounts of gross income permanently set aside for charitable purposes. We next look to section 664 to see whether petitioner might be entitled to exempt status, which would allow the capital gain here in question to go untaxed with the same net result as allowing a deduction. Petitioner has not made this argument, nor has either party addressed it on brief. This inattention appears to be with good cause, as the *637 residuary trust here involved would not qualify as either a charitable remainder annuity trust or a charitable remainder unitrust under section 664(d). Based on the foregoing, we conclude that petitioner is not entitled to a deduction for the taxable portion of the capital gain which is permanently set aside for charitable purposes. Decision will be entered under Rule 155.