Settle order on notice.

Otto HIRSCHMANN as Administrator with the Will Annexed of the Estate of Emanuel (Manuel) Called Emil Hirschmann, Deceased, (Legal Life Estate) and Recha Hirschmann as Life Tenant of the Legal Life Estate of Emanuel (Manuel) Called Emil Hirschmann, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

Jan. 15, 1962.

L. Krafft Kennedy, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., New York City (Robert Arum, Asst. U. S. Atty., New York City, of counsel), for defendant.

COOPER, District Judge.

This is the companion case to Hirschmann v. United States, D.C., 202 F.Supp. 722. Similar motions for summary judgment have been made here. Certain facts and conclusions of law relevant in the instant case have been stated in the other decision and will not now be repeated.

The basic underlying facts, however, are as follows:

Plaintiff Recha Hirschmann's husband, Emil, died in 1939. His will was offered some thirteen years later, and was admitted to probate late in 1952. Emil's son, Ernst, served as administrator c. t. a. in 1953. Thereafter, when Ernst ceased to serve as administrator, letters of administration were granted, on January 19, 1954, to plaintiff Otto Hirschmann (Emil's other son), who duly qualified. In 1954 and in 1955 Otto filed fiduciary returns for the years 1953 and 1954, respectively, each return showing capital gains upon which taxes were thereupon paid by Otto. Recha Hirschmann did not pay any tax upon the capital gains for these years, nor did the government make any claim against her in this regard.

The only assets in the estate are those constituting the corpus of the estate of which Recha is life tenant with an unrestricted power to invade corpus. The taxes on the capital gains were paid with funds from such corpus. Subsequently, Otto's timely claims for refunds of these taxes were rejected.

Plaintiffs here allege that for the last nine years the assets of the estate, consisting solely of securities have been "administered" by the administrator c. t. a., who has paid only income to Recha. The government does not concede these allegations and asserts that they are, in any event, immaterial.

It is plaintiffs' contention that the "legal life estate as such" "is not a taxable entity" and that since Otto is the "administrator of the said legal life estate", the tax was not payable by him as the fiduciary thereof.

This court has held that the life estate here involved was taxable, although it was not, for tax purposes, an entity separate from Recha in 1952. Moreover, Otto was never, in any relevant sense, the "administrator of the said legal life estate." Otto's powers and duties were, essentially, to collect the assets of Emil's estate and pay them over to Recha absolutely upon request. Thereafter, Otto had no power to "administer" Recha's life estate. If, in fact, Otto, a remainderman, is conserving the assets of his mother's estate, and if she is, in fact, receiving only the income therefrom, that is a status which exists at her sufferance only. Hirschmann v. United States, supra. The title "administrator of the said legal life estate" is self-conferred and must, under these circumstances, be understood to mean only that Recha chooses to permit Otto to manage funds which she is entitled to possess and enjoy completely.

This court held that Recha, having sole dominion over the corpus in 1952, was the only person responsible to the government for the capital gains tax for that year. Upon the appointment of an administrator of the estate of Emil, a new taxable entity came into being, and Otto, as administrator in 1954 and 1955 was then charged with the duty of paying the tax on all capital gains realized in 1953 and 1954.

The amount of the tax involved is not in dispute, having been stipulated.

Plaintiffs are not entitled to recover the capital gains tax paid for the years 1953 and 1954. Accordingly, plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment is granted, and the complaint is dismissed with prejudice.

Settle order on notice.