Recha **HIRSCHMANN**, Plaintiff-
Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

Otto **HIRSCHMANN**, as Administrator
With the Will Annexed of the Estate
of Manuel Hirschmann, Deceased, and
Recha Hirschmann, as Life Tenant,
Plaintiffs-Appellants,

v.

**UNITED STATES** of America,
Defendant-Appellee.

Nos. 29, 30, Dockets 27505, 27506.

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1962.

Decided Oct. 29, 1962.

L. Krafft-Kennedy, New York City,
for plaintiffs-appellants.

Robert Arum, Asst. U. S. Atty., S.D.
N.Y., New York City (Robert M. Mor-
genthau, U. S. Atty., and Arnold N.
Enker, Asst. U. S. Atty., New York City,
on the brief), for defendant-appellee.

Before CLARK, MOORE, and SMITH,
Circuit Judges.

CLARK, Circuit Judge.

These are consolidated appeals from
the denial on summary judgment below
of plaintiffs' claims for income tax re-
fund. Mrs. Hirschmann and her now de-
ceased husband executed a reciprocal
testament in Germany in 1903 bequeath-
ing each other, in effect, a life estate with
unrestricted power to invade principal,
remainder to their two sons. During
1952, capital gains were realized on the
principal and which she reported on her
individual income tax return. She paid
the tax and filed a timely claim for a re-
fund, which was disallowed. In the first
case before us, she is suing for the re-
fund. In 1953, the Surrogate's Court in
New York appointed one of the sons as
administrator c.t.a. He reported capital
gains during 1953 and 1954 on fiduciary
returns, then paid the taxes with funds
from the corpus, and made timely claims
for refunds, which were rejected. In the
second case he is suing for these refunds.

In both actions Judge Cooper dis-
missed the claims with prejudice. D.C.
S.D.N.Y., 202 F.Supp. 722; 202 F.Supp.
725. The court rejected the taxpayers'
contention that a legal life estate is not a
taxable entity. Consequently it had no
trouble, nor do we, in upholding the 1953
and 1954 taxes. The 1952 tax, paid by
Mrs. Hirschmann individually, presents
the additional problem whether the tax
was properly levied against her in her in-
dividual, rather than fiduciary, capacity.
The court noted the unfettered control
which Mrs. Hirschmann possessed over
the corpus and felt compelled by the rea-
soning of Helvering v. Clifford, 309 U.S.
331, 60 S.Ct. 554, 84 L.Ed. 788; Richard-

son v. C. I. R., 2 Cir., 121 F.2d 1, cert. denied 314 U.S. 684, 62 S.Ct. 188, 86 L.Ed. 548; and Mallinckrodt v. Nunan, 8 Cir., 146 F.2d 1, cert. denied 324 U.S. 871, 65 S.Ct. 1017, 89 L.Ed. 1426, to hold her individually liable. We are in accord with this conclusion.

Affirmed.

MOORE, Circuit Judge (concurring in part and modifying in part).

The language of the reciprocal Hirschmann will executed in Germany was exceedingly broad. Each spouse left to the other "the lifelong usufruct of the entire estate left by either of us." For as long as each should live, he or she was to "retain the unrestricted possession and enjoyment of the entire property of both of us and shall in no way be restricted in disposing inter vivos also of its substance, so that our children and remaindermen will have to be satisfied with what will be left at the death of the survivor of either of us spouses."

But for the construction placed upon this will by the Surrogate's Court of New York County, 124 N.Y.S.2d 801 (by order dated July 3, 1953), I would agree with my colleagues in all respects. However, that court in a proceeding to construe the meaning of this provision held that it "creates legal relationships between decedent's widow and his two sons known as that of a legal life estate, with power to invade the principal in the widow and remainder interests in the two sons;". Under New York law the right to invade is subject to the rule of reasonable need and good faith. It does not bestow absolute title to the assets. The federal tax consequences should be based upon the legal rights as construed by the New York Court. I would, therefore, hold that Recha was liable during the years in question as a fiduciary rather than in an individual capacity. Otto cannot recover because he paid taxes on capital gains listed on his fiduciary returns. He, in effect, was merely doing what Recha was required to do.