309 F.2d 104
 Recha HIRSCHMANN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Otto HIRSCHMANN, as Administrator With the Will Annexed of the Estate of Manuel Hirschmann, Deceased, and Recha Hirschmann, as Life Tenant, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 29.
 No. 30.
 Docket 27505.
 Docket 27506.
 United States Court of Appeals Second Circuit.
 Argued October 10, 1962.
 Decided October 29, 1962.
 
 L. Krafft-Kennedy, New York City, for plaintiffs-appellants.
 Robert Arum, Asst. U. S. Atty., S.D. N.Y., New York City (Robert M. Morgenthau, U. S. Atty., and Arnold N. Enker, Asst. U. S. Atty., New York City, on the brief), for defendant-appellee.
 Before CLARK, MOORE, and SMITH, Circuit Judges.
 CLARK, Circuit Judge.
 
 
 1
 These are consolidated appeals from the denial on summary judgment below of plaintiffs' claims for income tax refund. Mrs. Hirschmann and her now deceased husband executed a reciprocal testament in Germany in 1903 bequeathing each other, in effect, a life estate with unrestricted power to invade principal, remainder to their two sons. During 1952, capital gains were realized on the principal and which she reported on her individual income tax return. She paid the tax and filed a timely claim for a refund, which was disallowed. In the first case before us, she is suing for the refund. In 1953, the Surrogate's Court in New York appointed one of the sons as administrator c.t.a. He reported capital gains during 1953 and 1954 on fiduciary returns, then paid the taxes with funds from the corpus, and made timely claims for refunds, which were rejected. In the second case he is suing for these refunds.
 
 
 2
 In both actions Judge Cooper dismissed the claims with prejudice. D.C. S.D.N.Y., 202 F.Supp. 722; 202 F.Supp. 725. The court rejected the taxpayers' contention that a legal life estate is not a taxable entity. Consequently it had no trouble, nor do we, in upholding the 1953 and 1954 taxes. The 1952 tax, paid by Mrs. Hirschmann individually, presents the additional problem whether the tax was properly levied against her in her individual, rather than fiduciary, capacity. The court noted the unfettered control which Mrs. Hirschmann possessed over the corpus and felt compelled by the reasoning of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Richardson v. C. I. R., 2 Cir., 121 F.2d 1, cert. denied 314 U.S. 684, 62 S.Ct. 188, 86 L.Ed. 548; and Mallinckrodt v. Nunan, 8 Cir., 146 F.2d 1, cert. denied 324 U.S. 871, 65 S.Ct. 1017, 89 L.Ed. 1426, to hold her individually liable. We are in accord with this conclusion.
 
 
 3
 Affirmed.
 
 
 4
 MOORE, Circuit Judge (concurring in part and modifying in part).
 
 
 5
 The language of the reciprocal Hirschmann will executed in Germany was exceedingly broad. Each spouse left to the other "the lifelong usufruct of the entire estate left by either of us." For as long as each should live, he or she was to "retain the unrestricted possession and enjoyment of the entire property of both of us and shall in no way be restricted in disposing inter vivos also of its substance, so that our children and remaindermen will have to be satisfied with what will be left at the death of the survivor of either of us spouses."
 
 
 6
 But for the construction placed upon this will by the Surrogate's Court of New York County, 124 N.Y.S.2d 801 (by order dated July 3, 1953), I would agree with my colleagues in all respects. However, that court in a proceeding to construe the meaning of this provision held that it "creates legal relationships between decedent's widow and his two sons known as that of a legal life estate, with power to invade the principal in the widow and remainder interests in the two sons;". Under New York law the right to invade is subject to the rule of reasonable need and good faith. It does not bestow absolute title to the assets. The federal tax consequences should be based upon the legal rights as construed by the New York Court. I would, therefore, hold that Recha was liable during the years in question as a fiduciary rather than in an individual capacity. Otto cannot recover because he paid taxes on capital gains listed on his fiduciary returns. He, in effect, was merely doing what Recha was required to do.